867 So.2d 804 (2004)
Kenneth JOHNSON
v.
Henry MELTON, individually and d/b/a Action Demolishing Company, Action Demolishing Company, John Smith, Essex Insurance Company and ABC Insurance Company.
No. 2003-CA-1132.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 2004.
*805 Frank M. Buck, Jr., New Orleans, LA, for Plaintiff/Appellee.
Gerald A. Melchiode, Julie Eustis Vaicius, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, MOON LANDRIEU, Judge Pro Tempore).
JAMES F. McKAY III, Judge.
The defendants, Henry Melton, Action Demolishing Company and Essex Insurance Company, appeal the judgment of the trial court awarding $20,000.00 in damages to the plaintiff, Kenneth Johnson.
STATEMENT OF THE CASE
Kenneth Johnson occupied and operated an auto garage at 1840 Thalia Street, a building adjacent to Henry Melton's two-story building on the corner of Thalia Street and Oretha Castle Haley Boulevard. The plaintiff argues that on or about November 28, 1999, the defendant, Henry Melton, while in the process of demolishing this building, through his own company d/b/a/ Action Demolishing Company, which *806 was insured by Essex Insurance Company, caused personal injuries to him and damage to his garage. Specifically, the plaintiff alleges that he sustained injuries to his neck when he was hit in the head by a board that fell from the ceiling of his garage, which was a result of the defendant, Henry Melton, performing the demolition.[1] Additionally, he asserts that as a result of this demolition project his building received physical damage from Henry Melton's building leaning on his garage wall causing structural damage that required substantial remedial work. In particular, it is alleged that this damage resulted after the second story of defendant's building was demolished and caused the first floor to lean against the plaintiff's wall. The plaintiff asserts that the wall was leaning on his wall from November of 1999 through March of 2000 and that the damages manifested themselves in various ways including leaks in the building in the corner where the most stress was applied, boards falling from the ceiling and various cracks in the walls and ceiling support structures. The plaintiff also alleges that the defendant was apprised of this situation but continued the demolition and salvaging of his building.
ACTIONS OF THE TRIAL COURT
The trial court rendered judgment in favor of the plaintiff and cast the defendant for $20,000.00 in damages. This judgment was inclusive of both general and special damages. It is from this judgment that the defendants now appeal.
ASSIGNMENT OF ERRORS
The appellants assign error in that they argue that the trial court committed manifest error by creating facts not supported by the evidence and in determining that the plaintiff's testimony was credible in its awarding of damages for repairs to his building and for personal injuries. Further, they assert that the trial court erred in allowing deposition testimony of Kenny Sheppard[2] to be admitted into evidence.
STATEMENT OF THE LAW
The standard of review for factual findings in this case is the manifestly erroneous or clearly wrong standard.
In our three-tiered judicial system, findings of fact are allocated to the trial courts. It is a well-settled principle that an appellate court may not set aside a trial court's finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder's conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a *807 trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La. 1990).
For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong but whether the factfinder's conclusions were reasonable. Stobart, supra at 883; Theriot v. Lasseigne, 640 So.2d 1305 (La.1994).
Normally, the appellate court standard of review for factual findings is that of manifest error. Nevertheless, when the trial court commits legal error, de novo review is triggered. Hoskins v. Hoskins, 36,031 (La.App. 2 Cir. 4/5/02), 814 So.2d 773; Guillory v. Wal-Mart Stores, 2001-127 (La.App. 3 Cir. 10/3/01), 796 So.2d 772; Roger v. Dufrene, XXXX-XXXX (La.App. 4 Cir. 9/9/98), 718 So.2d 592.
DISCUSION
In the appellants' first assignment of error they argue that the trial court judgment is not supported by the facts nor the evidence. They first argue that the trial court erred in awarding damages for repairs to the plaintiff's building. There was conflicting testimony and evidence presented to the court concerning the wall in question. The plaintiff offered the deposition testimony of Kenny Sheppard, the plaintiff's repairman, that the estimated cost of the repairs to the plaintiff's building would be $19,340.00.[3] Conversely, upon an inspection of the site, the defendants' experts, Steve Klepeis and Lenny Quick, determined that the plaintiff's building was in such disrepair that the damages were pre-existing and included termite damage, water damage and poor maintenance. The defendants' investigating witness, Mr. Quick, asserts that even if at some point the walls did touch that no damage occurred.
On January 16, 2003, the trial judge visited the site of the accident and noted that the wall of Mr. Johnson's garage, which is directly adjacent to Mr. Melton's property that was being demolished, looked as if it had sustained some contact. The trial court evaluated the site condition and the witnesses and determined that the defendants' demolition project did indeed cause damage to the plaintiff's property.
As to the issue of the plaintiff's asserted personal injuries resulting from a fallen board, the defendants contest the plaintiff's account. The defendants assert that this accident never occurred. Furthermore, they argue that the plaintiff's evidence of injury is based only on sporadic visits to Dr. Stephen Bower at Spinal Care Plus, for just over five months at a cost of $1,375.00. Additionally, they argue that the plaintiff had numerous other personal injury claims that spanned from 1988 through 2001, although he was not under medical treatment for previous injuries at the time of the incident in question.
After a visit to the site the trial court noted the area of the ceiling where a board had fallen and that debris had made contact with the plaintiff's premises. Clearly, the trial court believed the plaintiff's version of the accident and that he had in fact been injured by falling debris.
*808 All of the above argument goes to a determination of fact and to the credibility of the witnesses. We conclude that the trial court was neither clearly wrong nor manifestly erroneous in its judgment.
The defendants also argue that the trial court committed legal error in admitting into evidence the deposition testimony of Kenny Sheppard, evaluating the physical damages to the plaintiff's building, in that he is not an expert consistent with Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
As to the issue of who should or should not be allowed to testify as an expert, it is very well established in the case law that the trial court has discretion and will not be reversed on appeal absent clear error. Ballam v. Seibels Bruce Ins. Co., 97-1444, p. 4 (La.App. 4 Cir. 4/1/98), 712 So.2d 543, 546, citing Mistich v. Volkswagon of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073. Furthermore, The Court in Daubert suggested the following factors in evaluating scientific expert testimony: 1) the "testability" of the expert's theory or technique; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known potential rate of error; and 4) whether the methodology is generally accepted by the scientific community. Daubert, 509 U.S. at 592-94, 113 S.Ct. at 2796-97. However, Daubert made clear that its list of factors was meant to be helpful, not definitive. Kumho Tire Co., LTD. v. Carmichael, 526 U.S. 137, 151, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999). The Supreme Court in Kumho explained the purpose of Daubert as follows:
The objective of Daubert's gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. We conclude that the trial must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. The trial court must have the same kind of latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides whether or not that expert's relevant testimony is reliable. Our opinion in [, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)] makes clear that a court of appeals is to apply an abuse of discretion standard when it "review[s] a trial court's decision to admit or exclude expert testimony." That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion. Whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad discretion. Kumho, 526 U.S. at 152-53, 119 S.Ct. at 1176.
Clearly, this matter is discretionary with the trial court, especially in this situation, a bench trial, to do otherwise would hamstring the trial court's discretionary authority. It is obvious that the trial court took a hands on approach in visiting the accident and was better able to evaluate the situation and the credibility of the witnesses and experts. The weight to which he allowed the deposition testimony of Kenny Sheppard and its reliability to affect the judgment is undeterminable. Therefore, consistent with the above jurisprudence, we cannot find that the trial *809 court was clearly wrong and therefore find no merit in the defendants' argument.
CONCLUSION
The trial court heard the testimony, observed the demeanor of the witnesses and had an opportunity to visit the site and observe the condition of the building. Thus, he was in the best position to make a finding of fact. Based on the law and evidence, the trial court found in favor of the plaintiff in the amount of $20,000.00. The trial court did not elaborate on the specifics of the amount of the judgment other than to say that it was inclusive of general and special damages, with interest and costs from the date of judicial demand with all costs to be paid by the defendants.
We have reviewed the record thoroughly and find nothing that would be considered either clearly wrong or even unreasonable in the trial court's findings. The trial court chose a permissible view of these facts and had a reasonable basis to do so. Thus, we may not reverse. Accordingly, this judgment is affirmed.
AFFIRMED.
NOTES
[1] The accident, which allegedly caused injury to the plaintiff, was not witnessed.
[2] Kenny Sheppard is the repairman that did numerous repairs to the plaintiff's building and testified as to the estimated cost of repairs.
[3] This amount was later clarified to reflect that that estimate included repairs that were not related to the instant accident.