GUIDRY, Justice*
hThe plaintiffs prevailed in their action under the Americans with Disabilities Act *346 and sought attorney’s fees, costs, and expenses. The district court rendered a fee award in favor of the plaintiffs, but reduced the requested number of billable hours by 20%, set an hourly rate of $240, and declined to enhance the overall award. The plaintiffs and the defendants both appealed. The court of appeal amended the award for purposes of the lodestar calculation to increase the number of billable hours to the amount requested and the prevailing hourly rate to $265. The court of appeal further enhanced the fee award, finding the case to be “rare” and “exceptional” based upon the results achieved and the protracted and highly-contested litigation. For the reasons set forth above, we find no abuse of discretion in the district court’s fee award. We therefore reverse the ruling of the court of appeal and reinstate the judgment of the district court.
| .FACTS AND PROCEDURAL HISTORY
This case concerns a motion for attorney fees awarded to a prevailing party under the Americans with Disabilities Act (hereinafter, “ADA”). The underlying facts of the case were set forth in Covington v. McNeese State Univ., 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, writ denied, 09-69 (La.3/6/09), 3 So.3d 491. In January 2001, Collette Covington was a student at McNeese State University. At the time, Covington required an electric wheelchair to traverse the campus due to a seizure disorder and orthopedic problems. She sustained injuries while attempting to exit a restroom in the Holbrook Student Union (hereinafter “Old Ranch”), the doorway of which was too narrow for her wheelchair to negotiate easily. It was ultimately determined there was not a single restroom in the entire Old Ranch building that was properly accessible to individuals with disabilities.
Covington sued McNeese and the University of Louisiana System for violations of the Americans with Disabilities Act (hereinafter, “ADA”). She alleged in her petition that she was injured while trying to use and exit a non-compliant restroom on the McNeese campus. She asserted the non-compliant restroom violated both the provisions of Title II of the ADA and La.Rev.Stat. 46:2254, which mandates “[A]n educational institution shall not: (1) Discriminate in any manner in the full utilization of the institution....” After years of protracted litigation, McNeese ultimately admitted that numerous ADA violations existed across its campus and that the university had expended little to no effort to bring the campus into compliance with the ADA since the law was passed in 1990, despite renovations on the campus during which federal law mandated compliance.
On a motion for summary judgment in 2007, the district court found there was no genuine issue of material fact in dispute regarding the following issues: 1) | .McNeese did not have immunity under the Eleventh Amendment to the U.S. Constitution; 2) Covington was disabled as defined by the ADA at the time of the incident giving rise to the lawsuit; and 3) McNeese discriminated against Covington based on her disability. The court of appeal affirmed in a powerfully worded opinion, stating McNeese’s deliberate ignorance of the federal mandate to provide accessibility to handicapped persons is “reminiscent of the intolerance of the past” and expressed amazement at the audacity of McNeese’s decision to bring the case into an appellate court “where published, written opinion will forever memorialize its discrimination against this country’s dis *347 abled citizens.” McNeese State Univ., 996 So.2d at 687.
McNeese eventually agreed to settle Covington’s personal injury claim. After a Department of Justice investigation, McNeese, albeit slow in response, eventually agreed to bring its campus into compliance with the ADA. Covington subsequently filed a motion seeking an award of attorney fees for her six attorneys, requesting a single hourly rate of $265 per hour be applied uniformly to all -hours recorded. Covington also requested an enhancement based upon the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (1974),[1] such as the novelty or difficulty of the claim, the time and labor required to litigate the claim, and the extent to which the case hindered the attorney’s acceptance of other work. Covington’s lead counsel, Seth Hopkins, who had graduated from law school in 1999, took on the case in 2001. For the next decade, counsel logged in excess of 5,400 hours of legal work without compensation. To | ¿support himself, Covington’s lead counsel worked as a staff attorney at a law firm in Houston, Texas. Counsel testified his continued involvement with his client’s ease had kept him from accepting more lucrative work.
After lengthy litigation and a six-day hearing, the district court ordered McNeese to pay attorney fees at the rate of $240 per hour for all six of Covington’s attorneys, as well as costs and $41,570.47 in expenses.[2] The district court reduced lead counsel’s request for 5489.5 hours in billable time by 20% to 4,391.6, citing counsel’s inexperience in being an attorney and in ADA law. The district court denied the request for an enhancement of the assigned reasonable hourly rate, explaining the four factors urged by Covington’s counsel in support of the enhancement had been taken into account in the lodestar calculation. In doing so, the district court noted the exception to the rule against enhancement is strictly limited to “rare and exceptional circumstances.” Perdue v. Kenny A. ex rel. Winn et al., 559 U.S. 542, 130 S.Ct. 1662, 1667, 176 L.Ed.2d 494 (2010).
Both Covington and McNeese appealed the district court’s judgment. The court of appeal affirmed the lower court’s award of attorney fees but amended the judgment to: 1) award lead counsel 5,489.5 billable hours; 2) set the reasonable hourly rate at $265 per hour; and 3) set the enhancement at nine and one-half percent. The court of appeal denied Covington’s request for *348 sanctions and her |,.¡motion to strike McNeese’s reply brief, but it granted Cov-ington’s motion to strike certain passages from McNeese’s brief.[3]
We granted the defendant’s writ application to consider the correctness of the court of appeal’s decision. Covington v. McNeese State Univ., 12-2182 (La.12/14/12), 104 So.3d 427.
DISCUSSION
The Americans with Disabilities Act was passed in 1990 to remedy discrimination against persons with disabilities. 42 U.S.C. § 12101 et seq. The fee shifting statute within the ADA provides authority for the court to award a reasonable attorney fee to a successful plaintiff in ADA actions. 42 U.S.C. § 12205 (“[T]he court ..., in its discretion, may allow the prevailing party ... a reasonable attorney’s fee, including litigation expenses, and costs”). As the appellate court noted, the attorney fee provision in the ADA is intended to encourage individuals injured by discriminatory practices to seek judicial redress, and “to ensure that the costs of violating civil rights laws [are] more fully borne by the violators, not the victims.” Newman v. Piggie Park Enter. Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). The U.S. Supreme Court established in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that the initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, otherwise known as the “lodestar method.” A “reasonable hourly rate” is to be calculated according to the prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). | a“The amount of the fee, of course, must be determined on the facts of each case.” Hensley, 461 U.S. at 429, 103 S.Ct. at 1937.
The appellate court reviews an award of attorney’s fees for an abuse of discretion. Corder v. Gates, 104 F.3d 247, 249 (9th Cir.1996); see also Hensley, 461 U.S. at 437,103 S.Ct. at 1941. The district court’s factual determinations will not be set aside absent manifest error. Stobart v. State, Dep’t of Trans. and Dev., 617 So.2d 880, 882 n. 2 (La.1993).
A. Reasonable Number of Hours Expended
McNeese first asserts the lower courts erred in not rejecting lead counsel’s fee application in its entirety. McNeese vehemently claims the fee application is so riddled with errors and contradictions that reliability in the application should be deemed lacking. McNeese also complains of the lack of contemporaneous records and disputes counsel’s efforts in reconstructing billing records, arguing the fee application should have been rejected on these bases as well. We find no error in the appellate court’s rejection of this argument and adopt the court’s reasoning in Part I of its opinion below. Covington v. McNeese State University, 11-1077, pp. 9-13, 98 So.3d 414, 423-25 (La.App. 3 Cir.2012).
Moreover, our review of the record reveals no clear error in the district court’s finding that counsel provided sufficient documentation of his time working on the case. Although there is a “preference” for contemporaneous records, they are not absolutely necessary. See Fischer v. SJB-P.D. Inc., 214 F.3d 1115 (9th Cir.2000). It is well settled that fee requests can be based on reconstructed records developed by reference to litigation files. Id. Ac *349 cordingly, the lack of “contemporaneous records” or the submission of reconstructed records is by itself not a basis for denying counsel’s fee request in its entirety. Although the fee applicant bears the burden of submitting “evidence supporting the hours worked |7and rates claimed,” Hensley, 461 U.S. at 433,103 S.Ct. at 1939, the Supreme Court has also stated that plaintiffs counsel “is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.” Id. at 437 n. 12, 103 S.Ct. at 1941 n. 12. Where the documentation is inadequate, the district court may reduce the award accordingly. Id. at 433,103 S.Ct. at 1939.
Here, the district court had a sufficient basis in the record for finding that counsel’s “timesheets reflect that, over the last decade, he has worked tirelessly in the face of aggressive opposition, and he ultimately has prevailed.” The district court was in the best position to determine the credibility of counsel’s and the witnesses’ testimony in support of the fee application and the accompanying documents. The district court, in determining the amount of a fee award, certainly has “a superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters.” Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. As more fully discussed below, the district court, at any rate, reasonably took into account counsel’s inexperience in billing practices, as well as in ADA law, when it reduced the submitted hours by 20%. For these reasons, we find no merit to the defendant’s contention that the fee application should have been rejected by the lower courts in its entirety.
The defendant next asserts the court of appeal erred in overturning the district court’s reduction in lead counsel’s submitted hours, and also asserts the number of hours should be further reduced. On appeal, Covington asserted the trial court had erred in reducing the number of hours earned by lead counsel by 20%, from 5,489.5 to 4391.6 hours. The court of appeal, citing the voluminous record, the protracted nature of the litigation, and the testimony of Covington’s 1 sfour expert witnesses, found the trial court’s 20% reduction in the number of hours submitted to be an abuse of discretion.
The trial court explained its ruling as follows:
It is evident from what has been presented to the court that Hopkins took a personal interest in this case. He passionately pursued the interests of his clients, and immersed himself in ADA law in order to provide the most effective representation he possibly could. Hopkins[’s] timesheets reflect that, over the last decade, he has worked tirelessly in the face of aggressive opposition, and he ultimately has prevailed.
The court does recognize that Hop-kinses] initial inexperience both with ADA law and as an attorney, having begun this litigation less than two years out of law school, likely contributed to the number of hours spent researching and preparing pleadings, memoranda and other case materials. While certainly not intending to discourage diligence or attention to detail, the court finds that, had an attorney more experienced in ADA law been lead counsel in this case, significantly fewer hours would have been billed. Thus, the court finds it appropriate to reduce Hopkins[’s] time by 20% in order to arrive at a reasonable number of hours expended for purposes of a lodestar calculation.
As for the other five attorneys representing the plaintiff in this matter, the court accepts that each exercised rea *350 sonable billing judgment and the court finds their time reasonable.
We find no abuse of discretion in the trial court’s 20% reduction in the total number hours submitted in the fee application, and reverse the court of appeal’s ruling in that regard. It is well settled that a court, in awarding an appropriate attorney fee, should reduce the number of hours submitted in the fee application if the claimed time is “excessive, redundant, or otherwise unnecessary.” Hensley, 461 U.S. at 484, 103 S.Ct. at 1939-40. Although the appellate court relied heavily on the testimony of the plaintiffs’ expert witnesses, some of those witnesses, for example, also indicated concerns with the reasonableness of lead counsel’s billable hours as opposed to overall hours expended on the case. The district court also reviewed all of the submissions and evidence in support of counsel’s fee 19appIication. We do not discount the valiant efforts lead counsel put into advocating for his client, as the appellate court so expressively details, but on the record before us, we conclude there was a sufficient basis on which the district court could have determined that a percentage reduction in the number of billable hours was appropriate to determine a reasonable number of hours for purposes of the lodestar calculation. Accordingly, we reverse the court of appeal’s ruling in that respect and reinstate the district court’s judgment awarding 4,391.6 hours.
B. Reasonable Hourly Rate
The defendant next asserts the court of appeal erred in finding the district court abused its discretion in setting an hourly rate of $240 and then increasing that rate to $265. Based on our review of the record evidence on this issue, we find the court of appeal erred in concluding the district court abused its discretion in setting a reasonable hourly rate of $240 for the particular geographical area.
To calculate attorney fees under the “lodestar” method, the court multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. A reasonable hourly rate is to be determined “according to the prevailing market rates in the relevant community” for attorneys of similar experience in similar cases. Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); see also Alberti v. Klevenhagen, 896 F.2d 927 (5th Cir.1990). “To inform and assist the court in the exercise of its discretion, the' burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney’s own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.” Blum, 465 U.S. at 895 n. 11, 104 S.Ct. 1541. A rate determined in this way is normally deemed to be reasonable, and is considered to | mbe “the prevailing market rate.” Id. To be sure, an award of attorney fees should be high enough to “facilitate plaintiffs’ access to the courts to vindicate their rights by providing compensation sufficient to attract competent counsel.” McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir.2011). We reiterate that, in determining the amount of reasonable attorney fees to award under federal fee shifting statutes, the district court is afforded considerable discretion. Hensley, 461 U.S. at 437, 103 S.Ct. at 1941.
In supporting her request for an hourly rate of $265 as the prevailing base rate for civil rights litigation in Lake Charles, Cov-ington relied on the affidavits and deposition testimony of her experts, who opined that $265 was a reasonable hourly rate for the work performed in this case. *351 McNeese presented several decisions from the Western District of Louisiana in its effort to show that the prevailing market rate in the Lake Charles community ranges from $105.00 to $200.00 per hour. The defendants also pointed to the testimony of one of the plaintiffs own experts, who has been practicing for over 40 years and who stated he regularly charges his clients $180 per hour. The trial court noted the recent cases cited by McNeese, but declined to rely on them because they were not published decisions. It noted the only published case cited by McNeese was decided in 1996 and found a reasonable hourly rate in an ERISA action was $120.00 to $140.00. The trial court concluded, “[b]ased on the testimony and authority submitted to the court, the court finds that $240 is a reasonable hourly rate in this case.”
The court of appeal found the district court had abused its discretion, claiming there was nothing in the record to support a rate below $265. The court pointed to the testimony of two of Covington’s experts, who attested that the $265 Inrate was “extremely reasonable.” The court also described the success achieved in the case: the $400,000 cash settlement and six-year scholarship for Covington, the injunc-tive relief prohibiting McNeese from continuing to discriminate against the disabled, and the fact that the case both prompted a U.S. Justice Department investigation and resulted in $13.8 million being dedicated to bring the campus into ADA compliance. Given counsel’s superi- or performance, the court of appeal found a rate of $265 to be reasonable.
We find the court of appeal erred in finding the district court abused its discretion. Although it stated the proper standard of review, the appellate court failed to give due deference to the district court’s determination that $240 was a reasonable hourly rate for this case. Where the standard of review is an abuse of discretion, the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier of fact. See Bouquet v. Wal-Mart Stores, Inc., 08-0309, p. 5 (La.4/4/08), 979 So.2d 456, 459. Although there was testimony that $265 was the prevailing rate, there was also testimony that $180-$200 was a going rate for this type of case. On that basis alone, the district court did not abuse its discretion in determining an hourly rate of $240 as a reasonable hourly rate for this case. The court of appeal’s decision in that respect is reversed, and the district court’s hourly rate is reinstated.
C. Enhancement of the Lodestar
We turn last to the enhancement of the fee award by the court of appeal, which found the district court had abused its discretion in failing to enhance the award. We find no error in the district court’s decision to not enhance the award on the basis that it had considered the factors relied upon by the plaintiff when it determined the fee award under the lodestar method.
| i2A “strong presumption” exists that the lodestar figure represents a “reasonable fee,” and therefore, it should only be enhanced or reduced in “rare and exceptional cases.” Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). If any enhancement to the lodestar calculation is granted, it cannot be based upon a factor which is subsumed in the lodestar calculation. Perdue, 130 S.Ct. at 1673. Although the Fifth Circuit laid out twelve factors upon which to base an award in Johnson, see Note 1, supra, most, if not all, of these factors are taken into consideration in the lodestar *352 calculation. Delaware Valley Citizens’ Council for Clean Air, 478 U.S. at 566, 106 S.Ct. 3088. Therefore, an applicant seeking an enhancement must produce specific evidence supporting the enhancement of the award that is objective and capable of appellate review. Perdue, 130 S.Ct. at 1673.
The defendant contends the court of appeal erred in enhancing the attorney fee award calculated under the lodestar method by 9.5%. The defendant asserts the court of appeal’s enhancement of the lodestar calculation fails to comply with Per-due, because all of the factors relied upon by the court of appeal to enhance the fee award (the results achieved, the protracted nature of the litigation, lead counsel’s commitment to the prosecution of this action, his level of preparedness and the substantial benefit gained by McNeese as part of the Department of Justice settlement) were considerations expressly rejected by the Supreme Court in Perdue because they are taken into account by the lodestar calculation.
The plaintiff had originally sought an attorney fee award of approximately $5.1 million, based upon a total of 6,481.8 hours worked by six attorneys multiplied by the requested hourly rate of $265 per hour, increased by an upward adjustment of 300%. Although the plaintiff argued for this enhancement based upon all twelve of the Johnson factors, in denying the request, the district court | iSnoted the plaintiff had relied primarily upon the following four factors: 1) time and labor required for the litigation; 2) the customary fee; 3) the amount involved and the results obtained; and 4) the experience, reputation and ability of counsel. The district court found all four of these factors were taken into account in the lodestar calculation. Acknowledging that the plaintiff and her counsel had achieved substantial success through this litigation, the district court did not find this case to exhibit one of those “rare and exceptional circumstances” warranting an exception to the rule against enhancement. The court further noted that the Supreme Court has never sustained an enhancement of a lodestar award for performance.
The court of appeal found the district court abused its discretion in not enhancing the fee award and held that this case is the kind of rare and exceptional case in which enhancement is entirely merited. The court of appeal found two primary reasons for concluding the district court had abused its discretion. First, the court of appeal agreed with the plaintiff that the district court had unduly relied on the fact that the taxpayers of this state would be burdened by any additional fees rather than those responsible for the discriminatory violations on which the plaintiffs judgment is based. The court of appeal reasoned that the Perdue court had rejected the contention that a fee determined by the lodestar method may not be enhanced in any situation wherein the government will ultimately pay the award. Second, the court of appeal noted that Perdue specifically acknowledged an enhancement may be necessary when an attorney’s performance involves “exceptional delay in the payment of fees” and when “the litigation is exceptionally protracted.” The court of appeal reasoned the results achieved by counsel, as well as the hostile behavior engaged in by McNeese, conduct which served only to protract the litigation in these proceedings, are factors that weigh heavily in favor of an enhancement to the lodestar award. From the plaintiffs 114initial request in 1995 for a meager accommodation for handicapped students, one accessible women’s restroom in one identified building, it had taken McNeese a total of almost 5,000 days to respond at all to this plea and only to wage a war of *353 attrition against the plaintiff and her attorneys. The court of appeal fixed the enhancement at nine and one-half percent interest, which was the statutory judicial interest rate in 2007 when summary judgment was rendered in this case. The appellate court reasoned this increase was in keeping with the Supreme Court’s method of applying a standard rate of interest to expenses or attorney fees, which is capable of review on appeal. The court of appeal noted it had limited its enhancement out of consideration that the awards will be borne by the taxpayers of Louisiana.
We find the court of appeal erroneously applied Perdue and the correct standard of review. Reviewing the district court’s reasons, we do not find any undue reliance on the fact that the fee award would come from the taxpayer. Perdue itself cautioned, in light of the fact that taxpayers are often ultimately responsible for the fee, that “unjustified enhancements that serve only to enrich attorneys are not consistent with the statute’s aim,” which is to make it possible for persons without means to bring suit to vindicate their rights. Perdue, 130 S.Ct. at 1677-78. Although the court of appeal awarded an enhancement based upon the results achieved and the protracted and highly contested nature of the litigation, the Supreme Court in Perdue held the quality of an attorney’s performance and the results obtained are treated as one factor of the lodestar calculation. Perdue, 130 S.Ct. at 1673. Although the Supreme Court acknowledged there may be circumstances in which superior attorney performance is not adequately taken into account in the lodestar calculation, it cautioned that “these circumstances are indeed ‘rare’ and ‘exceptional,’ and require specific evidence that the lodestar fee |1fiwould not have been ‘adequate to attract competent counsel.’ ” Id. at 1673 (quoting Blum, 465 U.S. at 897, 104 S.Ct. 1541).
In the instant case, the appellate court’s enhancement was not warranted because the length of the litigation and the results achieved were already included in the district court’s lodestar calculation of the reasonable number of hours expended and the reasonable hourly rate. Moreover, neither the plaintiff, nor the amici who have submitted briefs in support of the plaintiff, have produced or pointed to “specific evidence” showing the lodestar hourly rate of $240 would not have been adequate to attract competent counsel. In light of the district court’s considerable discretion in determining a reasonable attorney’s fee to award under federal fee shifting statutes, we conclude the court of appeal erred in finding the district court abused that discretion in refusing to enhance the attorney’s fee awarded to the plaintiff. Thus, the decision of the court of appeal enhancing the fee award is reversed, and the ruling of the district court is reinstated.
CONCLUSION
For the reasons set forth above, we find no abuse of discretion in the district court’s fee award. We therefore reverse the ruling of the court of appeal and reinstate the judgment of the district court.
REVERSED; DISTRICT COURT’S JUDGMENT REINSTATED
Judge JEFFERSON D. HUGHES III, assigned as Justice pro tempore, sitting for KIMBALL, C.J. for oral argument. He sits as an elected Justice at the time this opinion is rendered.
JOHNSON, C.J., dissents in part for reasons assigned by WEIMER, J.
WEIMER, J., dissents in part and assigns reasons.

 Judge Jefferson D. Hughes III, assigned as Justice pro tempore, sitting for Kimball, C.J. *346 for oral argument. He sits as an elected Justice at the time this opinion is rendered.

. The twelve factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability” of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

. The district court accepted, without adjustments, the time sheets filed by five of Coving-ton’s attorneys and rendered the following fee awards:
James Hopkins, 624.7 hours at $240.00 per, for a fee of $149,928.00.
James Doyle, 28.6 hours at $240.00 per, for a fee of $6,864.00.
Heath Dorsey, 76.85 hours at $240.00 per, for a fee of $18,444.00.
Robert Breen, 114.9 hours at $240.00 per, for a fee of $27,576.00.
Lee Archer, 147.25 hours at $240.00 per, for a fee of $35,340.00.
McNeese did not object to the time submitted by these five attorneys and has not challenged the reasonableness of their hours.

. Covington has similarly moved to strike portions of McNeese’s brief in this court.