| KRISTEN P. CRIFASI | * | NO. 2025-CA-0199 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DERRICK M. JOHNSON, | * | |
| BOASSO AMERICA | | FOURTH CIRCUIT |
| CORPORATION AND OLD | * | |
| REPUBLIC INSURANCE | | STATE OF LOUISIANA |
| COMPANY, D.M.J. | * * * * * * * | |
| EXPEDITED TRANSPORT | | |
| SERVICES, LLC AND | | |
| TRANSGUARD INSURANCE | | |
| COMPANY OF AMERICA, | | |
| INC. | | |

CONSOLIDATED WITH:

KRISTEN P. CRIFASI

VERSUS

DERRICK M. JOHNSON, BOASSO
AMERICA CORPORATION AND OLD
REPUBLIC INSURANCE COMPANY,
D.M.J. EXPEDITED TRANSPORT
SERVICES, LLC AND TRANSGUARD
INSURANCE COMPANY OF AMERICA,
INC.

CONSOLIDATED WITH:

NO. 2025-CA-0493

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 23-1138, DIVISION "B"
Honorable Jeanne Nunez Juneau, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)

Gilbert V. Andry, IV
GIBBY ANDRY, THE ANDRY LAW FIRM, L.L.C.
829 Baronne Street
New Orleans, LA 70113

Everett R. Fineran
EVERETT R. FINERAN, LLC
425 Harrison Avenue, Suite 1200
New Orleans, LA 70124

COUNSEL FOR PLAINTIFF/APPELLANT KRISTEN P. CRIFASI

John E. W. Baay, II
Emily E. Eagan
Maryclaire M. Farrington
LABORDE SIEGEL, LLC
701 Poydras Street
Suite 4800
New Orleans, LA 70139

COUNSEL FOR DEFENDANT/APPELLEE DERRICK M. JOHNSON, D.M.J. EXPEDITED TRANSPORT SERVICES, LLC AND TRANSGUARD INSURANCE COMPANY OF AMERICA, INC.

Megan B. Jacqmin
PERRIER & LACOSTE, LLC
365 Canal Street, Suite 2550
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE BOASSO AMERICA CORPORATION

**AFFIRMED;**
**JUDGMENT AMENDED**
**JANUARY 29, 2026**

*TGC*
*RLB*
*DNA*

This is a consolidated appeal, in which the parties seek review of two trial court judgments: (1) Kristen Crifasi (hereinafter "Mrs. Crifasi") seeks review of several of the trial court's evidentiary rulings; and (2) Derrick Johnson, D.M.J. Expedited Transport Services, LLC and TransGuard Insurance Company of America, Inc. (hereinafter collectively "DMJ Services") seek review of the trial court's April 11, 2025 judgment granting Mrs. Crifasi's motion to tax costs.[1] After consideration of the record before this Court and the applicable law, we affirm the trial court's December 9, 2024 judgment. Further, we affirm the trial court's April 11, 2025 judgment awarding Mrs. Crifasi's cost for depositions and expert fees but, amend the portion of the judgment awarding cost for Dr. Dietze's consultation fee.

## Facts and Procedural History

On June 26, 2023, Mrs. Crifasi was involved in an automobile accident at the corner of St. Bernard Highway and Paris Road in Chalmette, Louisiana. She

---

[1] Mrs. Crifasi does not challenge the amount of the jury award rather, she seeks review of several evidentiary rulings by the trial court which she asserts prevented a fair trial.

was stopped at a red light when a tractor trailer, driven by Derrick Johnson (hereinafter "Mr. Johnson"), rear-ended her vehicle.

On August 22, 2023, Mrs. Crifasi filed a petition for damages maintaining that she suffered injuries to her neck and back as a result of the accident. She sought damages for past, present and future pain and suffering; loss of enjoyment of life; past, present and future mental anguish; past, present and future medical expenses; future surgical expenses; loss of income; and past, present and future loss of earning capacity.

The matter proceeded to a jury trial on November 12, 2024, at which testimony was elicited from the following individuals: (1) Dr. Donald Dietze (hereinafter "Dr. Dietze"); (2) Mr. Johnson; (3) Mrs. Crifasi; (4) Jeanine Pellegrini; (5) Dr. Shael Wolfson (hereinafter "Dr. Wolfson"); and (6) Dr. Kevin Watson (hereinafter "Dr. Watson"). At the conclusion of trial, the jury returned a verdict in favor of Mrs. Crifasi, awarding her $40,120.00 in past medical expenses and $109,880.00 in past pain and suffering; totaling $150.000.00 in damages. The jury determined that Mrs. Crifasi was not entitled to future medical expenses; loss of earning capacity; future pain and suffering; or past and future mental anguish.

On January 9, 2025, Mrs. Crifasi filed a motion to tax trial costs seeking a total of $64,593.29. After taking the matter under advisement, by judgment dated April 11, 2025, the trial court granted the motion in part, awarding Mrs. Crifasi $54,122.04. Mrs. Crifasi and DMJ Services filed two separate appeals in this Court. Mrs. Crifasi appeals several of the trial court's evidentiary rulings and DMJ Services appeals the judgment awarding Mrs. Crifasi's cost for depositions and expert fees. This Court consolidated the two appeals.

## Evidentiary Rulings

Mrs. Crifasi asserts five assignments of error, four of which challenge evidentiary rulings of the trial court.[2] Specifically, Mrs. Crifasi maintains the following: (1) the trial court erred in excluding evidence of DMJ Services' insurer; (2) the trial court erred in admitting the testimony of Dr. Watson; (3) the trial court erred in excluding Mrs. Crifasi's rebuttal witness; and (4) the trial court erred in admitting social media photographs and videos of Mrs. Crifasi.

A trial court's decision to admit or exclude evidence should not be reversed on appeal, absent an abuse of discretion. *Medine v. Roniger*, 2003-3436, p. 6 (La. 7/2/04), 879 So.2d 706, 711 (citation omitted); *see also A-MMED Ambulance, Inc. v. Cmty. Care, LLC*, 2024-0417, p. 2 (La.App. 4 Cir. 12/9/24), 407 So.3d 663, 667 (citation omitted). The following standard applies to appellate review of evidentiary rulings:

> An appellate court employs a two-part test in reviewing a trial court's evidentiary ruling. First, the appellate court must determine whether the evidentiary ruling was erroneous. Second, if the ruling was erroneous, the appellate court must determine whether the error affected a party's substantial right; if not, reversal is not warranted. The determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case.

*Pierre v. Myriad Genetics, Inc.*, 2024-0236, p. 14 (La.App. 4 Cir. 9/16/24), 400 So.3d 223, 233 (internal citations and quotations omitted). Under the applicable standard of review, we first consider Mrs. Crifasi's challenges to the evidentiary rulings of the trial court.

---

[2] Mrs. Crifasi assigns as error the trial court's October 23, 2024 judgment granting the motion for summary judgment filed by Boasso America Corporation. As this Court has disposed of this issue in a separate opinion, we pretermit the discussion of this assignment of error.

3

***Exclusion of DMJ Services' Insurer***

Mrs. Crifasi asserts the trial court erred in excluding reference to and evidence of the existence of DMJ Services' insurer, TransGuard Insurance Company of America, Inc. (hereinafter "TransGuard"), during trial. She maintains the trial court refused to apply La. C.E. art. 411(D) and instruct the jury regarding the existence of insurance coverage for DMJ Services. At the time suit was filed,[3] La. C.E. art. 411 provided:

> A. Although a policy of insurance may be admissible, the amount of coverage under the policy shall not be communicated to the jury unless the amount of coverage is a disputed issue which the jury will decide.
>
> B. The existence of insurance coverage shall not be communicated to the jury unless any of the following apply:
>
>> (1) A factual dispute related to an issue of coverage is an issue which the jury will decide.
>>
>> (2) The existence of insurance coverage would be admissible to attack the credibility of a witness pursuant to Article 607.
>>
>> (3) The cause of action is brought against the insurer pursuant to R.S. 22:1973 or against the insurer alone pursuant to R.S. 22:1269(B)(1)(a) through (f).
>
> C. The identity of the insurer shall not be communicated to the jury unless the identity of the insurer would be admissible to attack the credibility of a witness pursuant to Article 607.
>
> D. In all cases brought against an insurer pursuant to R.S. 22:1269 or 1973, at the opening and closing of the trial, the court shall read instructions to the jury that there is insurance coverage for the damages claimed by the plaintiff.

La. C.E. art. 411.

Mrs. Crifasi argues that the trial court misinterpreted La. C.E. art. 411(B) and (D) and La. R.S. 22:1269. According to Mrs. Crifasi, La. C.E. art. 411(B) and

---

[3] La. C.E. art. 411 was amended with an effective date of August 1, 2024. As noted by the trial court, all parties agreed that the trial court would not retroactively apply the new law.

(D) are not homologous and argues that in all direct action cases, the jury should be instructed as to the existence of insurance coverage. Conversely, DMJ Services contends that La. C.E. art. 411(D) applies only when one of the exceptions set forth in La. C.E. art. 411(B) are present. The trial court agreed with DMJ Services' argument and prohibited any reference to insurance coverage during the trial.

The trial court determined that La. C.E. art. 411(D) should be considered *in pari materia* with La. C.E. art. 411(B)(3) as La. C.E. art. 411(D) references both La. R.S. 22:1973 and La. R.S. 22:1269. Since none of Mrs. Crifasi's claims fall within the scope of La. R.S. 22:1973 or La. R.S. 22:1269(B)(1)(a) through (f), the trial court reasoned that La. C.E. art. 411(D) is inapplicable. Based upon this analysis, the trial court prohibited any reference to the existence of insurance coverage. We find this ruling to be in error. A plain reading of the pre-amendment version of La. C.E. art. 411 indicates that in all direct action cases, the jury should be instructed regarding the existence of insurance coverage. However, we find the trial court's erroneous basis for this evidentiary ruling constitutes harmless error. "The effect of an erroneous evidentiary ruling is that '[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected.'" *Richardson v. Richardson*, 2007-0430, p. 14 (La.App. 4 Cir. 12/28/07), 974 So.2d 761, 771 (quoting La. C.E. art. 103) (alteration in the original). Therefore, unless a substantial right of a party is affected, a trial court's erroneous evidentiary ruling is subject to a harmless error analysis and the totality of the record is considered. *See Levy v. Lewis*, 2016-0551, p. 19 (La.App. 4 Cir. 5/17/17), 219 So.3d 1150, 1162 (citation omitted). This Court has previously articulated the following standard in analyzing harmless error:

5

An error is harmless when the verdict is surely unattributable to the error. The test to be applied is whether the error was likely to have affected the final outcome of the trial so that it is reversible error instead of mere harmless error.

*Levy*, 2016-0551, p. 19, 219 So.3d at 1162 (quoting *Johnson v. Mike Anderson's Seafood, Inc.*, 2013-0379, p. 9 (La.App. 4 Cir. 6/11/14), 144 So.3d 125, 132) (internal citations and quotations omitted).

In the case *sub judice*, we find the trial court's ruling harmless. Mrs. Crifasi has not demonstrated that the existence of an insurer would have resulted in a different verdict. She maintains that her right to a fair trial was prejudiced by the trial court's failure to allow the jury to consider the existence of an insurer. Mrs. Crifasi contends the ruling misled the jury into believing that Mr. Johnson would be solely responsible for any financial award and she argues the jury could have potentially awarded more money if aware that D.M.J. Expedited Transport Services, LLC was insured by TransGuard.[4] We find Mrs. Crifasi's arguments purely speculative. "The party alleging prejudice resulting from a trial court's evidentiary ruling has the burden of proof." *Pierre*, 2024-0236, p. 14, 400 So.3d at 233 (citation omitted). The matter consisted of a three-day jury trial, at which extensive evidence was presented to the jury for consideration. The issue for consideration for the jury was whether it believed Mrs. Crifasi sustained injuries and whether she would be entitled to damages. Mrs. Crifasi does not assert a direct claim against TransGuard and TransGuard is only named in its capacity as the insurer for D.M.J. Expedited Transport Services, LLC. We find no direct nexus between Mrs. Crifasi's claims, which were rejected by the jury, and the existence of an insurer. Therefore, the identity of the insurer is not relevant to the negligence

---

[4] D.M.J. Expedited Transport Services, LLC will be utilized throughout the opinion when referencing the company in its individual capacity.

claims asserted against D.M.J. Expedited Transport Services, LLC and its owner, Mr. Johnson. Although we find that the trial court erred in excluding any reference to the insurer, Mrs. Crifasi failed to demonstrate that she was prejudiced by the evidentiary ruling. Accordingly, we find the trial court's ruling excluding reference to the insurer to be harmless error.

### *Exclusion of Corporate Deposition*

During pre-trial motions, DMJ Services objected to admitting TransGuard's corporate deposition into evidence arguing that it was excluded under La. C.E. art. 411. DMJ Services also asserted that the deposition was irrelevant in light of the parties' stipulations on liability and insurance coverage. On appeal, Mrs. Crifasi contends the trial court erred in excluding TransGuard's deposition because the ruling deprived the jury of evidence relevant to liability, insurance coverage and disputed issues concerning force of impact.[5] DMJ Services counters, arguing that even if the deposition was relevant, it was more prejudicial than probative as the parties stipulated to liability and insurance coverage. The trial court agreed with DMJ Services, finding the deposition was not relevant in light of the stipulations and determined that any prejudicial effect outweighed its probative value.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. A review of TransGuard's deposition reveals that the corporate representative testified that he had no knowledge of the facts surrounding the accident and deferred to the experts' opinions. TransGuard's corporate representative also did not testify on the issues of medical causation or damages and deferred to the

---

[5] Mrs. Crifasi was allowed to proffer TransGuard's corporate deposition.

medical reports and opinions submitted. On the first day of trial, the parties stipulated to liability and insurance coverage. Therefore, the only remaining issues were medical causation, damages and force of impact. A review of the deposition reveals that TransGuard's corporate representative did not provide information on any of those issues. Upon stipulation of liability and insurance coverage, TransGuard's deposition became irrelevant to the remaining trial issues. Accordingly, we find no error in the trial court's ruling excluding TransGuard's corporate deposition.

### *Testimony of Dr. Watson*

Mrs. Crifasi argues the trial court erred in allowing Dr. Watson to testify when his colleague, Dr. J. Monroe Laborde (hereinafter "Dr. Laborde"), an orthopedist, was previously excluded through a motion in limine.[6] She points to the fact that Dr. Laborde was excluded because of his methodology of utilizing unreliable biomechanical engineering principles when determining causation. Mrs. Crifasi further asserts that allowing Dr. Watson to testify constitutes reversible error as he presented the same testimony as Dr. Laborde would have. DMJ Services first notes a procedural error. Mrs. Crifasi did not lodge a contemporaneous objection to Dr. Watson's testimony and her objection is therefore not preserved for appeal. On the merits, DMJ Services argues that Dr. Watson's testimony differed from that of Dr. Laborde in that his methodology did not rely on biomechanical engineering principles.

---

[6] Prior to trial, Mrs. Crifasi filed a motion in limine seeking to exclude Dr. Laborde's testimony. In the motion in limine, Mrs. Crifasi argued that Dr. Laborde should be excluded because his anticipated testimony would determine causation based upon unproven biomechanical engineering principles. After reviewing a report prepared by Dr. Laborde, the trial court granted the motion in limine finding that Dr. Laborde's opinions were not based on reliable principles.

During voir dire, Mrs. Crifasi objected to Dr. Watson's acceptance as an expert in orthopedics because he did not specialize in spinal surgery. The trial court noted the objection and accepted Dr. Watson as an expert in orthopedic surgery. Dr. Watson then testified that he was not a biomechanical expert and did not consider biomechanical principles as part of his methodology when determining causation. He stated that he uses a six-part causation methodology to determine whether an accident caused an injury. Dr. Watson testified that he examined Mrs. Crifasi and reviewed her medical records, including her MRI results. During his examination he did not find Mrs. Crifasi experienced pain in her lower back and found full flexion, extension and rotation of her cervical spine. Dr. Watson stated that he did not find any signs of acute trauma, or any objective evidence of injury to the cervical or lumbar spine during his review of Mrs. Crifasi's MRI results. He concluded that the treatments and surgery, recommended by Dr. Dietze, were not medically necessary.

Dr. Watson was not introduced as a biomechanical engineering expert, nor did he testify regarding biomechanical principles, which was the basis for Dr. Laborde's exclusion. Dr. Watson's testimony was exclusively limited to his expert opinion concerning medical causation, injury findings and treatment recommendations regarding Mrs. Crifasi's injuries. Accordingly, we find the trial court did not err in allowing Dr. Watson to testify.

### Exclusion of Rebuttal Witness

Mrs. Crifasi contends the trial court erred in denying the testimony of her rebuttal expert witness, Dr. Kendal Leftwich (hereinafter "Dr. Leftwich"). Dr. Leftwich is a physicist, who was offered to testify regarding force of impact. DMJ Services maintains that the trial court did not err because the defense did not call

any witnesses addressing force of impact, therefore no rebuttal was necessary on the issue.

A trial court's decision to admit or refuse to admit rebuttal evidence is afforded great discretion. *Lakefront Mgmt. Auth. v. J&J Partners, L.L.C.*, 2021-0102, p. 8 (La.App. 4 Cir. 11/10/21), 331 So.3d 434, 439 (citation omitted). A plaintiff may rebut the testimony provided by the defense under La. C.E. art. 611. "The purpose of rebuttal evidence is to 'explain, repel, counter act, or disprove facts' put into evidence by an opposing party." *Lakefront Mgmt. Auth.*, 2021-0102, p. 8, 331 So.3d at 434 (quoting *State v. Hatfield*, 2013-0813, p. 32 (La.App. 4 Cir. 7/2/14), 155 So.3d 572, 593). At the close of DMJ Services' case-in-chief, Mrs. Crifasi advised the trial court of her intent to call one rebuttal witness, Dr. Leftwich. She maintained that she intended to call Dr. Leftwich to rebut Dr. Watson's testimony that this case involved a "minor accident." The trial court allowed the parties to argue the issue and, after reviewing the transcript, determined that the word "minor" was only used by Dr. Watson when referencing Mrs. Crifasi's degenerative changes. In denying Dr. Leftwich to be called as a rebuttal witness, the trial court noted that Dr. Watson did not testify as to force of impact or velocity. Thus, no rebuttal was necessary. We find, the record supports the trial court's conclusion. Dr. Watson was offered, and accepted, as an orthopedic surgeon and testified that force of impact was not a part of his methodology or considered in rendering his opinion. Dr. Watson never addressed "force of impact." Accordingly, we find the trial court did not err in denying Mrs. Crifasi to present Dr. Leftwich as a rebuttal witness.

### Social Media Posts

Mrs. Crifasi argues the trial court erred in admitting social media photographs and videos of her because the prejudicial effect of the photographs and videos outweigh the probative value. DMJ Services submits that the photographs and videos were admitted to rebut Mrs. Crifasi's claim of loss of enjoyment of life. Prior to trial, Mrs. Crifasi filed a motion in limine seeking to exclude the social media posts from use at trial. The trial court denied the motion and determined that, due to the excessive number of social media posts, a ruling on each social media post would be reserved for trial. At trial, Mrs. Crifasi testified that she could no longer fully participate in certain activities as a result of her injuries. She testified that her injuries impacted her life on a daily basis and limited her mobility. On cross-examination, DMJ Services sought to admit photographs and videos obtained from Mrs. Crifasi's social media accounts to rebut her claims of loss of enjoyment of life and limited mobility.

Relevant evidence is evidence which makes the existence of a fact more or less probable. La. C.E. art. 401. Additionally, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La. C.E. art. 403. The photographs admitted depict Mrs. Crifasi on vacations and on the beach, while the videos show her on a children's amusement park ride. The photographs and videos directly address Mrs. Crifasi's claim of loss of enjoyment of life by rebutting her claim that she is in constant pain, and unable to enjoy life, due to the injuries sustained as a result of the accident. Outside of the presence of the jury, the trial court considered each social media post DMJ Services sought to introduce. In

ruling on which posts to admit, the trial court focused on whether the posts related to Mrs. Crifasi's allegations that she was unable to perform certain activities. Even if evidence is relevant, the trial court must be mindful of the balancing of interests set forth in La. C.E. art. 403. *See Cerniglia v. French*, 2000-2768, 2000-2769, p. 7 (La.App. 4 Cir. 4/3/02), 816 So.2d 319, 324. The trial court weighed Mrs. Crifasi's right to prove injuries sustained, as a result of the accident, with DMJ Services' right to present a defense. Given the trial court's broad discretion, we find no abuse of discretion in admitting the photographs and videos.

## DMJ Services' Appeal of the Motion to Tax Costs

DMJ Services' sole assignment of error, challenges the trial court's judgment granting Mrs. Crifasi's motion to tax costs. Specifically, DMJ Services seeks review of the portion of the judgment awarding costs for the corporate depositions of DMJ Services and TransGuard; depositions of Dr. Watson, Joshua Tekell and Dr. Leftwich. DMJ Services also seeks review of the expert fees awarded for Dr. Dietze, Dr. Wolfson and Dr. Leftwich.

This Court has articulated the applicable standard of review as follows:

> A trial court is afforded great discretion in awarding costs, and such an award is generally only disturbed upon a showing that the court abused its discretion. *Vela v. Plaquemines Parish Government*, 2000-2221, 2000-2224, p. 29 (La.App. 4 Cir. 3/13/02), 811 So.2d 1263, 1282. In reviewing an award under the abuse of discretion standard, "the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier of fact." *Covington v. McNeese State University*, 2012-2182, p. 11 (La. 5/7/13), 118 So.3d 343, 351. Factual findings of the trial court in reaching an award are reviewed pursuant to the manifest error or clearly wrong standard of review. *Id.*, 2012-2182, p. 6, 118 So.3d at 348. When examining factual findings under this standard of review, the appellate court does not determine whether the trier of fact was right or wrong, "but whether the factfinder's conclusions were reasonable," while viewing the record in its entirety. *Johnson v. Melton*, 03-1132, p. 3 (La.App. 4 Cir. 2/4/04), 867 So.2d 804, 807. It is not sufficient for the appellate court to

believe that it would have weighed the evidence differently and reached a different conclusion. *Id.*

*Barre-Williams v. Ware*, 2020-0665, pp. 3-4 (La.App. 4 Cir. 4/28/21), 365 So.3d 760, 768.

DMJ Services argues that Mrs. Crifasi is not entitled to recover cost for depositions or the cost of transcripts of any depositions because she did not successfully introduce the depositions into evidence at trial. It also maintains that fees for experts who were not called to testify at trial are precluded. Mrs. Crifasi disagrees and asserts that the trial court lawfully exercised its discretion and awarded costs consistent with La. R.S. 13:4533 and La. C.C.P. art. 1920.

DMJ Services challenges the following costs:

- Dr. Watson deposition fee: $2,473.45
- DMJ Services deposition fee: $218.00
- Joshua Tekell deposition fee: $1,565.20
- Dr. Leftwich deposition fee: $1,218.30
- Dr. Leftwich expert fee: $5,250.00
- TransGuard deposition transcript and video: $2,889.13
- Dr. Wolfson expert fee: $4,900.00
- Dr. Dietze expert fee: $8,250.00

Only those costs specifically provided for by statute can be taxed against a litigant. *Liquid Carbonic Corp. v. BASF Wyandotte Corp.*, 468 So.2d 1225, 1232 (La.App 4th Cir. 1985) (citations omitted). La. R.S. 13:4533 provides that "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." La. C.C.P. art 1920 provides that while costs are generally paid by the party cast in judgment, the trial court "may render judgment for costs, or any part thereof, against any party, as it may consider equitable." With these principles in mind, we will discuss DMJ Services' challenge to the costs awarded.

***Deposition Fees***

DMJ Services asserts the trial court erred in awarding deposition fees when deposition transcripts were not placed into evidence. The following depositions were taken: (1) Dr. Watson; (2) Dr. Leftwich; (3) Mr. Johnson; (4) TransGuard's corporate representative; and (5) Joshua Tekell. Whether deposition fees are awarded, despite not being admitted into evidence, is within the trial court's discretion. *Butler v. Louisiana Mut. Med. Ins. Co.*, 2015-1191, p. 10 (La.App. 4 Cir. 5/25/16), 195 So.3d 570, 577. The general rule is that cost of depositions used at trial are recoverable. La. R.S. 13:4533. Our Supreme Court has stated that only depositions taken for discovery purposes and admitted into evidence, qualify as used at trial for the purpose of recovering costs. *Barre-Williams*, 2020-0665, p. 29, 365 So.3d at 780 (citing *Succession of Fanz*, 242 La. 875, 884-85, 139 So.2d 216, 219 (1962)). However, it is within the trial court's discretion to award cost incurred even if the cost is related to documents that are not entered into evidence. *See Butler*, 2015-1191, p. 10, 195 So.3d at 577 ("[C]osts necessary to bring a case to trial, though not expressly introduced into evidence, are within the trial court's discretion to tax.").

DMJ Services argues that the trial court abused its discretion in awarding cost for depositions not entered into evidence. We disagree. The trial court reasoned that the depositions were necessary to bring the matter to trial. As previously noted, a trial court has great discretion in awarding costs and it is well within the trial court's discretion to tax costs it deemed necessary to bring the case to trial. The depositions all relate to Mrs. Crifasi's claims and are a part of the litigation process. As such, we find the trial court did not abuse its discretion in

awarding deposition fees for Dr. Watson, Dr. Leftwich, Mr. Johnson, TransGuard and Joshua Tekell.

***Expert Fees***

DMJ Services argues the trial court erred in awarding expert fees for: (1) Dr. Leftwich; (2) Dr. Wolfson; and (3) Dr. Dietze. Specifically, DMJ Services contends Dr. Leftwich is not entitled to fees because he did not testify at trial; Dr. Wolfson's retainer fee is not a recoverable cost; and Dr. Wolfson and Dr. Dietze's fees should be reduced as the amount does not reflect the actual time spent testifying.

La. R.S. 13:3666(A) provides that expert witnesses "shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required." Trial courts look to the particular facts and circumstances of each case when determining the reasonableness of expert fees. *Barre-Williams*, 2020-0665, p. 13, 365 So.3d at 772 (citation omitted). "Trial courts are required to determine the reasonable amount of expert fees either through the testimony of the expert in relation to the time and cost of his or her services or through a rule to show cause brought by the prevailing party for the purpose of determining the amount of expert fees to be paid by the party cast in judgment." *Id*. (citing La. R.S. 13:3666). Expert fees are only recoverable for costs associated with the expert's assistance at trial and in preparation for trial. *Id*. (citation omitted). The amount billed by the expert is not the sole determinative factor, instead trial courts are to consider multiple factors, including: "(1) the amount of time consumed by the expert in compiling his or her report; (2) the amount charged to the client; (3) the amount of time spent in preparing for trial; (4) the amount of time spent in court; (5) the expert's expertise;

15

(6) the difficulty of the expert's work; (7) the amount of the award; and (8) the degree to which the expert witness's opinion aided the court in its decision." *Barre-Williams*, 2020-0665, p. 13, 365 So.3d at 772 (quoting *Bayou Fleet, Inc. v. Bollinger Shipyards, Inc.*, 2015-0487, 2015-0702, p. 22 (La.App. 4 Cir. 7/21/16), 197 So.3d 797, 811).

In determining the reasonableness of the expert fee amounts, the trial court considered the factors set forth in *Barre-Williams*. The trial court found that Dr. Leftwich, Dr. Dietze and Dr. Wolfson's expertise and opinions were essential in preparing for trial. The trial court was also cognizant of the high level of expertise provided by the doctors and deemed the fees reasonable in consideration of the particular facts and circumstances of the case. Given the trial court's broad discretion, we find no abuse of discretion in awarding expert fees for Dr. Leftwich, Dr. Dietze and Dr. Wolfson.

***Miscellaneous Fee***

DMJ Services further challenges Dr. Dietze's expert fee arguing that it unlawfully includes a $500.00 consultation fee. While the trial court does not specifically reference a consultation fee in its analysis, a review of the record reveals that a $500.00 consultation fee is included in Dr. Dietze's total expert fee award. "Generally, a 'litigant is only entitled to recover as costs the expert fees incurred directly in connection with the expert's assistance at the trial' and an expert may not receive fees for consultations with attorneys to help them prepare for trial." *Barre-Williams*, 2020-0665, p. 20, 365 So.3d at 775 (quoting *Buffman Inc. v. Lafayette Ins. Co.*, 2009-0870, 2009-1241, pp. 40-41 (La.App. 4 Cir. 4/14/10), 36 So.3d 1004, 1031). We find the trial court abused its discretion in awarding Dr. Dietze's consultation fee as that fee is not a recoverable cost under

16

La. R.S. 13:4533 and La. R.S. 13:3666. Accordingly, Dr. Dietze's expert fee is reduced by $500.00 and Mrs. Crifasi is awarded $7,750.00 in costs for Dr. Dietze.

## Decree

For the foregoing reasons, we affirm the trial court's April 11, 2025 judgment awarding Mrs. Crifasi's cost for depositions and expert fees but, amend the portion of the judgment awarding cost for Dr. Dietze's consultation fee.

**AFFIRMED;**
**JUDGMENT AMENDED**