800 So.2d 777 (2001)
Huey J. RIVET, et al.
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. 2001-CC-0961.
Supreme Court of Louisiana.
November 28, 2001.
Rehearing Denied January 11, 2002.
*779 Ronald J. Bertrand, Bertrand & Soileau, Lake Charles, Counsel for Applicant.
Leon C. Vial, III, Hahnville, Ralph R. Miller, Norco, Counsel for Respondents.
PER CURIAM.[*]
We granted certiorari in this matter to consider whether the district court erred in granting a new trial to reconsider its judgment awarding attorney's fees. For the reasons assigned, we now reverse the district court's judgment granting the new trial, and reinstate the prior judgment awarding attorney's fees.

FACTS AND PROCEDURAL HISTORY
In 1987, plaintiffs filed suit against the Department of Transportation and Development ("DOTD"), alleging that DOTD appropriated certain land in which they had an interest by denying their request for a permit for driveway access. After a trial on the merits, the district court found an appropriation had occurred and rendered judgment in favor of plaintiffs in the amount of $3,099,264, plus interest from the date of judicial demand, attorney's fees of 25%, and expert witness fees of $15,000 for each of plaintiffs' appraisers. This court subsequently reversed the award of attorney's fees, on the ground that the district court erred in awarding such fees as a percentage of the judgment and because the court lacked record evidence to support the amount of attorney's fees actually incurred by plaintiffs.[1] Accordingly, we remanded the case to the district court with instructions to conduct an evidentiary hearing and make an award of specific attorney's fees. Rivet v. State, Department of Transportation & Development, 96-0145 (La.9/5/96), 680 So.2d 1154.
On remand, the district court conducted an evidentiary hearing. Plaintiffs produced *780 evidence showing they entered into an oral agreement with their attorney, Leon C. Vial, III, to handle this matter in exchange for a 25% contingency fee. Because he was working on a contingency basis, Mr. Vial testified he did not keep a time sheet during the representation, which spanned more than a decade. Based upon a reconstruction of his work during that period, Mr. Vial testified he spent approximately 950 hours handling this case, although he admitted this figure was "not precise." In any event, Mr. Vial testified that plaintiffs had agreed to pay him the difference between whatever fees the court awarded and the actual 25%. Mr. Vial also introduced a letter from counsel for DOTD suggesting that the matter be settled and proposing $772,830 as estimated attorney's fees based on a 25% contingency agreement.[2]
DOTD produced Ralph Miller, an attorney for the landowners in companion cases, who testified he charged $125 an hour for this type of litigation. Randall Smith, a partner with the New Orleans firm of Smith, Jones & Fawer, testified that an hourly fee of $250-$350 is reasonable for this type of litigation. Based on this testimony, and citing the factors set forth in State, DOTD v. Williamson, 597 So.2d 439 (La.1992),[3] DOTD argued the minimum possible attorney's fee award was $118,750 and the maximum was $350,000. DOTD suggested a median figure of $237,500.
On August 10, 1999, the district court rendered judgment setting the attorney's fees at $237,500. In its reasons for judgment, the district court recognized that plaintiffs had a contingency fee agreement with their attorney, but found it could not justify awarding the contingency fee (which would amount to more than $1,000,000) given the evidence presented. Instead, the court concluded a reasonable attorney's fee for this type of work was $250 per hour. Accepting plaintiffs' counsel's testimony that 950 hours were actually spent on this case, the court awarded $237,500 in attorney's fees.
Plaintiffs filed a timely motion for new trial from this judgment, contending the fee award was contrary to the law and the evidence. The district judge granted the motion for new trial. In written reasons for judgment, the court stated:
Basically, this Court has to agree with the argument that if Mr. Rivet would have to pay the difference between the initial amount awarded herein by the Court and the amount of attorney's fees due per his contract, then he would not be in the same position that he was in prior to the condemnation and he would therefore not have been compensated to the full extent of his loss. Since he would not have been compensated to the full extent of his loss, he would have been denied his rights as guaranteed by the Louisiana Constitution.
Also, this Court notes that it has placed far too stringent a burden on plaintiffs *781 attorney to attempt to reconstruct a decade's worth of hours spent on such involved, intense, complicated, and contested litigation. In setting the amount of attorney's fees herein, this Court relied on the reconstructed time alone without adequate consideration of the other evidence adduced at hearing. The Court acknowledges its error in limiting the fees awarded to the amount of time which was able to be reconstructed, and therefore finds that the Judgment was in error as a matter of law on that basis, also.
This Court also finds that the Judgment dated August 10, 1999 was contrary to the law and the evidence in that it did not take into consideration the letter from DOTD's attorney (which was allowed into evidence at the hearing.) Since the letter was allowed into evidence, this Court finds that it should have been considered it [sic] arriving at the final figure herein. Since this Court failed to consider the DOTD's letter in the setting of attorney's fees herein, the judgment is contrary to the law and the evidence on that basis, also.
DOTD applied for supervisory writs from the ruling of the district court granting the motion for new trial. The court of appeal denied the application.
Upon DOTD's application, we granted certiorari.[4] The sole issue presented for our consideration is whether the district court erred in granting a new trial.[5]

DISCUSSION
A review of the district court's reasons for judgment indicate the court's ruling on the new trial was based on the peremptory ground listed in La.Code Civ. P. art.1972(1)i.e., that the judgment "appears clearly contrary to the law and evidence." Under this article, a new trial should be ordered when the district court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Burke v. Baton Rouge Metro Airport, 97-0947 (La.App. 1st Cir.5/15/98), 712 So.2d 1028; Northshore Ins. Agency, Inc. v. Farris, 634 So.2d 867 (La.App. 1st Cir.1993); Tudela v. Broussard, 581 So.2d 1068 (La. App. 5th Cir.1991). However, the discretionary power to grant a new trial must be exercised with considerable caution. See, e.g., State, DOTD v. August Christina & Bros., 97-244 (La.App. 5th Cir.2/11/98), 716 So.2d 372; Zatarain v. WDSU-Television, Inc., 95-2600 (La.App. 4th Cir.4/24/96), 673 So.2d 1181. When a motion for new trial is based on the contention that the judgment is clearly contrary to the law and evidence, no additional evidence may be presented at the hearing on the motion. Succession of Budwah, 441 So.2d 39 (La.App. 3rd Cir.1983). With these precepts in mind, we now turn to an examination of the record to determine whether the facts support the district court's conclusion that its original judgment represented a miscarriage of justice.
Much of the district court's concern about the propriety of its August 10, 1999 judgment appeared to be based on its belief that plaintiffs would be responsible for the difference between the amount of attorney's *782 fees due under their original contingency fee contract and the amount of attorney's fees awarded by the court. The court felt that if plaintiffs were required to pay this difference, they would not receive "just compensation" for the appropriation of their property, as required by La. Const. art. I, § 4.
We find the district court fell into error in reaching this conclusion. Attorney's fees have traditionally been regarded as being distinct from the compensation due to the landowner. See, e.g., La. R.S. 13:5111(A), La. R.S. 19:8, and La. R.S. 48:453(A). Moreover, it is well settled that courts may inquire as to the reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law. State, DOTD v. Williamson, 597 So.2d 439 (La.1992); City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La.1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). Indeed, as we stated in our earlier opinion in this very case, "[r]egardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire into the reasonableness of attorney fees as part of their prevailing inherent authority to regulate the practice of law." Rivet, 96-0145 at p. 1160, 680 So.2d at 1161. While a court may consider a contingency fee contract among other factors, it is not bound by such an agreement in determining reasonable attorney's fees. Moody v. Arabie, 498 So.2d 1081 (La.1986). Simply put, plaintiffs' attorney is not entitled to recover any attorney's fee from plaintiffs beyond that which is determined to be reasonable by the district court. Therefore, the district court's concern that plaintiffs might be unfairly impacted by its award of attorney's fees is misplaced and is not grounds for granting a new trial.
Another reason advanced by the district court in support of its granting of the new trial was the court's conclusion that it placed "far too stringent a burden" on plaintiffs' attorney to reconstruct the time he spent on this case. While we recognize that it is difficult to reconstruct time after the fact, La. R.S. 13:5111 mandates that the award of attorney's fees be based upon the fees "actually incurred." Plaintiffs' attorney, who had the benefit of his own file, DOTD's billing records, and court records, was obviously in the best position to calculate the amount of time he spent on the case for purposes of determining the fees actually incurred. The mere fact that it may have been difficult for the attorney to make this determination does not suggest the court's ruling was contrary to the law and the evidence.
The district court also indicated it relied too heavily on the reconstructed time and failed to give adequate consideration to other evidence. However, a review of the district court's reasons indicated the court reviewed the criteria set forth by this court in Williamson for determining attorney's fees. In selecting a rate of $250 per hour, which was in the mid-point of the range charged by attorneys for similar work, the district court clearly considered the evidence developed at the hearing.
Finally, the district court stated it failed to properly consider the letter from DOTD's attorney which proposed an "estimated" attorney's fee in the event the case was settled. Pretermitting the question of whether this letter was even admissible under La.Code Evid. art. 408, the attorney's fee calculation in the letter was based on the value of the judgment prior to its reduction on appeal. Under these circumstances, we find the letter has little, if any, probative value regarding the calculation *783 of attorney's fees. The district court's failure to consider that letter is not grounds for the granting of a new trial.
In sum, we find no basis for the district court's conclusion that its August 10, 1999 judgment setting attorney's fees was contrary to the law and evidence. The district court therefore abused its discretion in granting a new trial. Accordingly, we will reverse the judgment of the district court granting the new trial, and reinstate the district court's August 10, 1999 judgment awarding attorney's fees.[6]

DECREE
For the reasons assigned, the judgment of the district court granting a new trial is reversed. The August 10, 1999 judgment awarding attorney's fees is reinstated. All costs in this court are assessed against plaintiffs.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] This court stated:

While it is apparent from the record that this case was quite complicated, undoubtedly required much time, effort, and skill on the part of plaintiff's attorney and, even when amended on remand to conform to the decision of the original court of appeal, will result in a very favorable outcome for plaintiff landowners, there is no record evidence to substantiate the amount of time actually expended by plaintiff's attorney and the trial court erroneously failed to specify an actual dollar amount as an attorney fees award.
96-0145 at pp. 12-13, 680 So.2d at 1162.
[2] DOTD objected to the introduction of the letter because it was not a formal settlement offer, but the district court admitted it for the limited purpose of "corroboration of the value of attorney's fees as acknowledged by the attorney for the state, DOTD."
[3] In Williamson, this court noted the factors to be taken into consideration in determining the reasonableness of attorney's fees include:

(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.
[4] Rivet v. State, DOTD, 01-0961 (La.6/1/01), 793 So.2d 172.
[5] After granting the motion for new trial, the district court, without taking any additional evidence, rendered judgment awarding attorney's fees in the amount of $973,319.75. DOTD appealed this judgment to the court of appeal. However, after we granted certiorari to consider the ruling granting the new trial, the court of appeal stayed consideration of the merits of DOTD's appeal, as it could be rendered moot by our ruling on the new trial issue.
[6] We express no opinion regarding the merits of the district court's judgment awarding attorney's fees. This issue is properly addressed on appeal. Because we now reinstate the district court's August 10, 1999 judgment, the appeal delays shall commence from the finality of our judgment. Further, in light of our ruling reversing the grant of the new trial, the district court's judgment awarding attorney's fees after the granting of the new trial, and the appeal from that judgment, are rendered moot.