| ¡MARION F. EDWARDS, Judge.
In this appeal, appellant contests the trial court’s award of attorney’s fees. For the following reasons, the judgment of the trial court is affirmed.
This case comes before us on appeal for the third time. The facts underlying the basis of this inverse condemnation suit, filed on October 9, 1987, are no longer at issue, and were summarized in our previous opinion, Rivet v. State, DOTD.[1] In our first opinion in this case, we affirmed the trial court’s finding that the state had taken the plaintiffs property. However, we set aside the trial court’s award of damages and remanded in part with instructions to the trial court to “delete from its award the amount that it calculates represents damages to the lands of persons not parties to this suit and to assess and fix on the revised award the amount it considers to be ‘reasonable engineering, appraisal Land attorney fees actually incurred’ as required by LSA-R.S. 13:5111 et seq.”[2] The original judgment of the trial court awarded $3,099,264.00 to the plaintiffs and intervenors, and set attorney’s fees at 25%.
On July 15, 1995, the trial court rendered a judgment on remand that reduced the amount of the original judgment and maintained the percentage of attorney’s fees at 25%. On appeal for the second time, in an unpublished opinion, we affirmed the judgment of the trial court.[3] The Supreme Court granted the Department of Transportation and Development’s (DOTD) writ and subsequently reversed. The Supreme Court further remanded the case to the trial court with specific instructions to determine acreage of the land at issue and to take additional evidence as to the attorney’s fees actually incurred and “address and fix attorney’s fees in accordance with La. R.S. 13:5111 and the factors enunciated herein.”[4]
*545 On second remand to the trial court, on April 14, 1997, the parties entered into a stipulated Judgment that concluded all matters in this case with the exception of the award for attorney’s fees.
The trial court held a hearing on May 14, 1999 relative to the issue of determining attorney’s fees in accordance with the Supreme Court guidelines. After obtaining an estimation of hours spent on the case by plaintiffs counsel, and considering the testimony presented, on August 10, 1999, the trial court set the amount of attorney’s fees at $237,500.00. Counsel for plaintiffs, Leon C. pVial, III, filed a Motion for New Trial on August 17, 1999. The trial court granted the Motion for New Trial and, after a hearing on March 2, 2001, rendered a new judgment for attorney’s fees in the amount of $973,319.75.
The DOTD sought a writ application to this Court for a review of the trial court’s decision to grant a new trial, but was denied.[5] On June 1, 2001, the Louisiana Supreme Court granted writs in this matter, subsequently reversed the trial court’s action of granting a new trial,[6] and reinstated the trial court’s original award of $237,500.00 in attorney’s fees from the August 10, 1999 judgment.[7] Counsel for plaintiffs timely filed this present appeal.
LAW AND ANALYSIS
In his first assignment of error, plaintiffs counsel asserts that, in awarding attorney’s fees, the trial court erred in allegedly failing to consider all of the factors as specified in State of Louisiana, Department Of Transportation & Development v. Williamson,[8] Rule 1.5(A) in the Rules of Professional Conduct, and in failing to consider the only expert testimony in the record. In his second assignment of error, appellant argues that the trial court committed a legal error that interdicted the fact finding process, and asserts that we should therefore disregard the trial court’s judgment and review the record de novo. Finally, appellant asserts that, even without a de novo review, this Court should increase the award of attorney’s fees based upon a consideration of all pertinent factors.
IsWe first consider appellant’s argument that we should review the record de novo.
As we noted in DiBenedetto v. Automotive Cas. Ins. Co.,[9] our appellate review is what is commonly referred to as an Arceneaux[10] review in that we must determine from the record whether there was a reasonable factual basis for the trial court’s factual findings and further determine whether the trial court erred as a matter of law. Additionally, as the Louisiana Supreme Court noted in Stobart v. State, DOTD,[11] “a Court of Appeal may not overturn the Judgment of a Trial Court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong.” Appellant alleges, however, that the trial court, in its original award of attorney’s fees, failed to consider the totality of required factors, and that *546 this error “interdicted the fact finding process,” thereby making the manifest error standard inapplicable in this case.[12]
We note that in addressing the very trial court action that appellants now assert was erroneous, the Supreme Court previously found that there was “no basis for the District Court’s conclusion that its August 10, 1999 Judgment setting attorney’s fees was contrary to law and evidence.”[13] After a review of the record, we likewise find no basis to indicate trial court error that would in turn necessitate a deviation from the manifest error standard in this matter, and ^therefore find this assignment to be without merit.
We next consider appellant’s argument that the trial court failed to consider the totality of necessary factors in awarding attorney fees.
The basis for an award of attorney’s fees in this case can be found at LSA-R.S. 13:5111, which states, in relevant part:
A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision op an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking. [Emphasis added].
In Williamson, supra, the Louisiana Supreme Court observed several factors to be considered by a trial court in determining the reasonableness of attorney’s fees:
(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court’s own knowledge.
At the hearing on this matter, the trial court was presented with the following evidence and testimony regarding attorney’s fees: First, the plaintiffs produced evidence that they entered into an oral contract with Leon C. Vial, III, to represent them in exchange for a 25% contingency fee. Mr. Vial testified that, because he had agreed to handle the case on a contingency fee basis, he had not kept track of his billable hours; however, he estimated that he had spent 17approximately 950 hours working on this matter. Vial also testified that the plaintiffs agreed to compensate him the difference between the amount awarded by the trial court in fees and what the actual 25% contingency amount would have been. Ralph Miller, an attorney who represented the landowners in companion cases, testified on behalf of the DOTD. Miller informed the court that he charged $125.00 *547 per hour for this type of litigation. Attorney Randall Smith, who also litigates these types of cases, testified that the fee of $250.00 — $350.00 per hour would have been a reasonable rate for a plaintiffs attorney in this type of case to charge. The DOTD suggested an award of attorney’s fees in the amount of $237,500.,00.
In its reasons for judgment, the trial court specifically noted the Williamson factors that it took into consideration:
1. The ultimate result obtained was a substantial judgment (and settlement) for the landowner;
2. The responsibility incurred by the attorney was substantial. The fact that he was not promised a fee unless he prevailed underscored this aspect;
3. The importance of the litigation to the client was monumental; the importance to future similar cases for other landowners similarly situated cannot be overlooked;
4. The intricacies of the facts involved: this is such a complex area of law that few attorneys specialize in it;
5. Diligence and skill of counsel: The fact that the attorney stayed with the case for over a decade substantiates his diligence and perseverance; the skill and experience of the attorney was not contested or controverted;
6. The Court’s own knowledge: While the Court was not involved in this case prior to 1997, the four volume record is replete with pleadings, motions, judgments, briefs and correspondence which illustrates the complexities and large blocks of time which were involved in this litigation.
The trial court further noted:
While the Court is mindful of the contingency fee arrangement between the landowner and his attorney, the Court cannot justify granting that amount (over $1,000,000.00) given the evidence |spresented. The landowner assured the Court that he would fulfill his contractual agreement of twenty-five percent with his attorney should the Court not grant the full amount of the contract and the Court assumes that he will do so ...
The Court has struggled at length with what is “fair” herein. The Court has considered the testimony of Randy Smith, who testified that a reasonable hourly rate for these types of cases if $250.00 — $350.00 per hour. The Court has considered the testimony of Ralph Miller, an attorney who represented other landowners on companion cases with this case who had charged his clients $125.00 per hour ...
Given the foregoing, the Court finds reasonable attorney fees in cases such as these to be the hourly rate of $250.00/ hour ...
While the Court also accepts counsel’s testimony that the 950 documented hours did not cover all of the time spent on the case (especially since he had to reconstruct his time records ‘after the fact’), the Court can only find that these 950 hours were “actually incurred” as a result of this litigation ...
Therefore, the Court will award an attorney’s fee herein of $237,500.00 based upon the hourly rate of $250.00 per hour for 950 hours.
In its review of the trial court’s consideration in this case of evidence in contemplating the disputed award of attorney’s fees, the Supreme Court specifically noted:
The district court also indicated it relied too heavily on the reconstructed time and failed to give adequate consideration to other evidence. However, a review of the district court’s reasons indicated the court reviewed the criteria set forth by this court in Williamson for determining *548 attorney’s fees. In selecting a rate of $250 per hour, which was in the mid point range charged by attorneys for similar work, the district court clearly considered the evidence developed at the hearing.[14]
After a review of the record, we find no manifest error in the trial court’s award of attorney’s fees in this matter. First, we concur with the Supreme Court’s finding that the trial court clearly considered the evidence before it at the time of judgment, including a due assessment of the Williamson factors. 19Second, in regard to the merits of the trial court’s award, we find that, given the expert testimony presented regarding fees by both parties, the mid point amount of $250.00 per hour set by the trial court was reasonable compensation and likewise did not constitute manifest error. Accordingly, we find this assignment to be without merit. In light of the foregoing, appellant’s third assignment is moot.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. 93-369 (La.App. 5 Cir. 3/16/94), 635 So.2d 295; writ denied, 646 So.2d 397 (La.1994).

. Id. at 301.

. Rivet v. State, Dept. of Transp. and Development, 95-784 (La.App. 5 Cir. 12/13/95), 665 So.2d 187.

. Rivet v. State, Dept. of Transp. and Development, 96-0145 (La.9/5/96), 680 So.2d 1154, 1162.

. Rivet v. State, Dept. of Transp. and Development, 01-C-222 (La.App. 5th Cir. 3/9/01).

. Rivet v. State, Dept. of Transp. and Development, 2001-0961 (La.6/1/01), 793 So.2d 172.

. Rivet v. State, Dept. of Transp. and Development, 2001-0961 (La.11/28/01), 800 So.2d 777.

. 597 So.2d 439 (La.1992).

. 94-35 (La.App. 5 Cir. 5/31/94), 638 So.2d 385, 387; writ denied, 94-1776 (La.10/28/94), 644 So.2d 650.

. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

. 617 So.2d 880 (La.1993).

. Appellant cites to the case of Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975), in support of this proposition.

. Rivet v. State, Dept. of Transp. & Development, 2001-0961 (La.11/28/01), 800 So.2d 777.

. Rivet v. State, Dept. of Transp. & Development, 2001-0961 (La.11/28/01), 800 So.2d 777. The Supreme Court further stated, however, that it expressed no opinion regarding the merits of the district court's judgment awarding attorneys fees.