WILLIAMS, J.
kin this unfair trade practices case, after a hearing on remand, the trial court rendered a judgment awarding $110,000 in attorney fees to the plaintiff, Cupp Drug Store, Inc., d/b/a The Corner Drug Store. For the following reasons, we amend the trial court’s judgment and affirm as amended.
FACTS
The plaintiff, an incorporated pharmacy operator, filed a lawsuit against Blue Cross and Blue Shield of Louisiana, Inc., Blue Cross and Blue Shield of Louisiana, Inc. as Louisiana Health Services & Indemnity Co., HMO Louisiana, Inc. and RxBlue (collectively “Blue Cross”). The plaintiff, a Blue Cross provider, alleged that the defendants had engaged in conduct which violated the Louisiana Unfair Trade Practices and Consumer Protection Law (“LUTPA”). Following a trial, the jury ruled in favor of the plaintiff and awarded damages in the amount of $185,000, plus court costs and attorney fees. On August 8, 2013, the trial court entered a final judgment in accordance with the jury’s verdict. In accordance with LUTPA, the *321 judgment provided that the amount of court costs and attorney fees would be determined by the trial court following a post-trial hearing.
Subsequently, on September 4, 2013, the plaintiff filed a motion to set a hearing date to fix attorney fees and court costs. The following day, Blue Cross filed a motion for a suspensive appeal, which was granted on September 11, 2013. Thereafter, on November 8, 2013, the trial court signed a “supplemental judgment” setting forth costs and awarding $110,000 in attorney fees.
|2Blue Cross appealed the judgment, including the award of attorney fees, arguing, inter alia, that the trial court lacked the authority to enter a supplemental judgment quantifying and assessing attorney fees. The plaintiff answered the appeal, seeking an increase in the amount of damages and attorney fees awarded. This Court vacated the supplemental judgment, finding that the trial court was divested of jurisdiction when the first suspensive appeal was granted and the cash bond was deposited in the court registry. We remanded this matter to the trial court for an evidentiary hearing to determine attorney fees and costs. Additionally, we awarded the plaintiff attorney fees in the amount of $5,000, for work done in defending the appeal. Cupp Drug Store, Inc. v. Blue Cross and Blue Shield of La., Inc., 49,782 (La.App.2d Cir.1/7/15), 161 So.3d 860, writ denied, 2015-0571 (La.5/22/15), 171 So.3d 549.
On remand, the trial court conducted an evidentiary hearing to determine attorney fees and costs as instructed by this Court. By this time, the judge who had presided over the trial was no longer a district court judge.[1] The current trial judge awarded the plaintiff attorney fees in the amount of $110,000, in addition to the amount of $5,000 for work done on the appeal, as ordered by this Court. The trial court also awarded the plaintiff an additional $5,312.50 in attorney fees for “post[-]appeal work.”
At the conclusion of the hearing, the trial court stated:
I paid particular attention to Judge Smith’s reasons for judgment with regard to the attorney fees. And at the end of the day, it’s hard for me to try to substitute my judgment for that of Judge Smith. He heard this case over, I believe it was an 8-year period of time.
[¡¿Because of his unique position in evaluating the reasonableness of the attorney fees, I feel that I’m obligated and I feel it’s only fair that I confirm what Judge Smith awarded in the amount of $110,000.
[[Image here]]
Now, on the post-appeal work, with regard to that, the 21.25 hours, I will award * * * I’ll make it $250 an hour for that 21.25 hours, and I didn’t calculate that number. But using [plaintiff counsel’s] formula on the 685 hours, we’d award the sum of $110,000. * * * On the 21.25,1 get $5,312.50.
[[Image here]]
DISCUSSION
The plaintiff contends the trial court erred in awarding only $110,000 in attorney fees for the trial of the case, because it felt “obligated” to award the same amount as the former judge, who did not conduct an evidentiary hearing. The plaintiff concedes that counsel agreed to represent the *322 drug store for a discounted rate of $130 per hour, due to a longstanding friendship between counsel and Gil Birch, the owner of the .drug store. However, according to the plaintiff, Blue Cross should not be allowed to benefit from the “friendship rate” counsel charged a longtime friend. The plaintiff argues that the unrefuted evidence presented at the evidentiary hearing showed that counsel expended 685.75 hours litigating and trying the LUTPA claim. Further, the plaintiff maintains that its expert witness testified that “the regional, customary hourly fee for complex commercial litigation” fell within the range' of $250-$300 per hour.
Attorney fees are not allowed except where expressly provided for by contract or statute. State, Dept. of Transp. & Dev. v. Wagner, 2010-0050 (La.5/28/10), 38 So.3d 240; Carroll Insulation & Window Co., Inc. v. Biomax Spray Foam Insulartion, LLC, 50,112 (La.App.2d Cir.11/18/15), 180 So.3d 518. When provided for by statute or contract, the award of attorney fees rests within the discretion of the fact finder. Sher v. Lafayette Ins. Co., 2007-2441 (La.4/8/08), 988 So.2d 186; Urban’s Ceramic Tile, Inc. v. McLain, 47,955 (La.App.2d Cir.4/10/13), 113 So.3d 477.
Our unfair trade practices law provides for a statutorily-mandated attorney fee as follows: “In the event that damages are awarded under [LSA-R.S. 51:1409], the court shall award to the person bringing such action reasonable attorney fees and costs.” See LSA-R.S. 51:1405 and 51:1409.
The reasonableness of attorney fees is determined by the factors set forth in Rule 1.5(a) of the Rules of Professional Conduct, which are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.
As stated above, the amount of an award for attorney fees is within the discretion of the trial court. Chandler v. Ouachita Par. Sheriff’s Office, 48,179 (La.App.2d Cir.8/7/13), 121 So.3d 1216; Bohn v. Louisiana Farm Bureau Mut. Ins. Co., 482 So.2d 843 (La.App.2d Cir.1986), writs denied, 486 So.2d 750, 752 (La.1986). Generally, each case is considered in light of its own facts and circumstances; however, the amount awarded must be | ¿reasonable. Id. Before an attorney fee award will be disturbed on appeal, the record must reveal that the trial court abused its discretion in making the award. Wilks v. Ramsey Auto Brokers, Inc., 48,738 (La.App.2d Cir.1/15/14), 132 So.3d 1009; Smith v. Acadiana Mortg. of La., Inc., 42,795 (La.App.2d Cir.1/30/08), 975 So.2d 143.
In the instant case, it is undisputed that plaintiffs counsel is entitled to recover reasonable attorney fees. However, Blue Cross contends the fees should be based on the discounted hourly rate ($130) actually charged by plaintiffs counsel. Blue Cross also argues that the discounted rate of $130 per hour was reasonable because counsel for Blue Cross has represented clients for that amount or less. Further, it argues that since the jury awarded the plaintiff $185,000 in damages, then the $110,000 awarded in attorney fees *323 equals 59% of the total judgment. According to Blue Cross, if the plaintiff is awarded $300 per hour in attorney fees ($205,-725), the fees would exceed the judgment by more than 100%.[2]
As stated above, the plaintiff concedes that counsel agreed to represent the drug store for a discounted rate of $130 per hour. The record reveals that counsel submitted invoices showing that he expended 685.75 hours litigating this matter. Blue Cross opposed the number of hours submitted, specifically challenging 24.25 hours billed by counsel.
In Olivier Plantation, LLC v. Parish of Bernard, 2016-0497 (La.App. 4th Cir.10/30/14), 151 So.3d 965, writs denied, 2014-2496 and 2014-2573 (La.2/27/15), 160 So.3d 173, the trial court awarded attorney fees in the |fiamount of $808,476.90. The trial court rejected the defendants’ argument that the attorney fees should have been based on the discounted hourly rate actually charged by the attorneys under a blended contingency fee agreement. The defendants appealed, arguing that the award was excessive. Quoting the trial court’s reasons for judgment, the appellate court found that the defendants’ argument was “unpersuasive.”
In the instant case, Brian Crawford, an attorney practicing law in North Louisiana, testified as an expert witness for the plaintiff. He provided the following testimony regarding the “discounted” hourly rate:
[I] looked at the case and how it evolved over k several-year period and I noticed some things that were of particular interest to me, particularly the time and labor required. [Plaintiff counsel] accepted this case from a client who I ■would classify as certainly at the very least controversial. Mr. Birch had a 'history that I think was well-known for health issues and other problems. Mr. Birch, I think, was in desperate need of an advocate. I think [plaintiff counsel] made a significant sacrifice in accepting and then tenaciously thereafter preparing and presenting this case for a client -who was really in, I would say desperate, need of an advocate to represent his interest and the interest of his company. In looking at—in looking at the hourly rate, I did not believe that the dramatically reduced rate that was charged, to Mr. Birch and his company of [$130]. an hour should govern- the way the court considers the totality of what is a fair hourly rate for a case like this.
[[Image here]]
We have reviewed this record in its entirety. We have also reviewed and considered the circumstances surrounding plaintiff counsel’s decision to extend to Birch a more affordable fee. Certainly, the fee charged by counsel is one of the factors to be considered in this matter. However, it is clear from the record that this matter involved complex issues and the protracted litigation extended over' the course of more than eight years. As stated 17above, LSA-R.S. 15:1409 provides that “reasonable attorney fees” shall be awarded, and reasonableness is within the discretion of the court, after a consideration of the factors set forth in Rule 1.5 of the Rules of Professional Conduct. Attorney Crawford unequivocally testified that the regional, customary attorney fee for corqplex commercial litigation fell within the range of *324 $250 to $300 per hour. Consequently, we find nothing in this record to support Blue Cross’ argument that the attorney fee in this protracted and highly contentious litigation should be limited to $130 per hour.
In Mayfield v. Reed, 43,226 (La.App.2d Cir.4/30/08), 981 So.2d 235, a hearing was conducted to fix attorney fees. An expert witness testified that attorney fees at a rate of $180 per hour was reasonable. Nevertheless, the trial court calculated the fee based on a rate of $150 per hour and awarded the plaintiff $36,975 in attorney fees. This court amended the award, stating:
Here, the record supports the substantial time and labor expended' by May-field’s counsel. In addition, there was meticulous accounting of the various costs associated with Mayfield’s representation, including depositions, prepared interrogatories, various conferences, filed motions, trial preparations, and court appearances. . Furthermore, there was expert testimony indicating that the fees were reasonable and nothing was presented to contradict that testimony. Accordingly, we find that the trial court erred in awarding only partial fees, and amend the attorney’s fees to award a total amount of $42,489.00. In addition, we award $2,500.00 for fees associated with this appeal.
Id. at 241.
laHerein, Attorney Crawford provided uncontroverted testimony regarding the complexity:of the litigation in this matter. He testified as follows:
[I] looked at the case from the standpoint of a lawyer with a lot of experience trying civil cases to sort of grade his paper, in a way, and look at the manner of preparation that he brought to the case and his presentation, and it was exemplary. ■ Every detail was covered in great—to a great extent. Obviously, extremely intense preparation and just a very thorough and well-organized presentation[.] * * * I was particularly impressed with the—with the detailed preparation that went into the case, and particularly looking at the pretrial notes, outlines for witnesses, opening statements, closing statements, just extremely .thorough, extremely professional.
[[Image here]]
I think the LUTPA claim was presented very early in the litigation, along with the breach of contract claim and the claim against Mr. Simmons. My review and recollection of the Motion practice in the case is that any time the parties went to a hearing on any of those issues, those—all those issues were brought in together. So I think preparation for one was pretty much preparation for all of those issues. And I also will tell you that [plaintiff counsel’s] time summaries reflect redactions for all of his legal services involved in negotiating the first sale of The Corner Drugs to Walgreen’s. He redacted" that time because he did not believe it should be presented. In the time entries that I saw, and I did review them, they were submitted monthly and they were itemized, and, I believe, accurately reflect time spent in preparation and presentation of the unfair trade practices claim.
* * *
As stated above, Attorney Crawford opined that “a minimum hourly rate that should be approved by the court would be [$250] to an outside rate of [$300] per hour.” Nevertheless, the trial court awarded $110,000, stating that it felt “obligated” to uphold the ruling of the judge who tried the case.
 | flThis record supports the substantial time and labor expended by plaintiff counsel. Counsel maintained detailed *325 time records throughout the litigation, especially following the petition to amend when the LUTPA claim was added. Additionally, counsel provided meticulous accounting of the various costs associated with plaintiffs representation, including depositions, prepared interrogatories, filed exceptions and motions, opposition of exceptions and motions, court appearances and trial preparation. Moreover, the expert testimony indicated that $250-$300 per hour was reasonable and defendants did not present any evidence to contradict that testimony. Accordingly, we find that the trial court abused its discretion in awarding attorney fees in the amount of $110,000. Therefore, we will affirm, but amend the judgment to increase the attorney fee award. We hereby award attorney fees in the amount of $250 per hour, for the 685.75 hours billed by plaintiff counsel. The award totals $171,437.50 in attorney fees, and the $5,000 for work done on the original appeal as ordered by this Court. We further affirm the additional $5,312.50 for “post[-]appeal work,” as ordered by the trial court, and we award $2,500 in attorney fees for work performed on the current appeal.[3]
CONCLUSION
For the reasons set forth herein, we amend the trial court’s award of attorney fees in the amount of $110,000. Judgment is hereby rendered against the defendants, Blue Cross and Blue Shield of Louisiana, Inc., Blue | inCross and Blue Shield of Louisiana, Inc. as Louisiana Health Services & Indemnity Co., HMO Louisiana, Inc. and RxBlue, as follows: $171,437.50 in attorney fees for the litigation of this matter; $5,000 in attorney fees as previously ordered by this Court for work done on the first appeal; $5,312.50 in post-appeal attorney fees as ordered by the trial court; $2,500 for work done on the instant appeal; with interest from the date of judgment and costs. We assess the costs of this appeal to the Blue Cross defendants.
AMENDED; AFFIRMED AS AMENDED.

. Judge R. Wayne Smith decided not to seek reelection in 2014. Consequently, his term expired on December 31, 2014.

. In its prayer for relief, Blue Cross asserted that the "attorney’s fee award of $110,000 .., is unreasonably excessive, should be REVERSED, and should be reduced to' a reasonable amount.” However, Blue Cross did not file an appeal asking this Court to reverse or reduce tee award. Therefore, ⅛ assertion teat the award should be reversed or reduced is not properly' before this Court and will not be addressed in this appeal.

. When an issue of attorney fees is present in the case, it is within the appellate court’s discretion to award or increase attorney fees for the expense of the appeal. Nesbitt v. Nesbitt, 46,514 (La.App.2d Cir.9/21/11), 79 So.3d 347, writ denied, 2011-2301 (La.12/2/11), 76 So.3d 1178; Smith v. Pilgrim’s Pride Corp., 44,080 (La.App.2d Cir.2/25/09), 4 So.3d 983, writ denied, 2009-0961 (La.6/19/09), 10 So.3d 739. Factors considered in determining the amount of attorney fees include the skill exercised by the attorney and the time and work required on appeal. Id.