ON REHEARING
Before WILLIAMS, CARAWAY, DREW, MOORE and STONE, JJ.
PER CURIAM.
|TWe now grant a rehearing to address the limited issue of Volentine’s request for an increase in attorney fees. In his rehearing application, Volentine requests this court to increase the attorney fee award to 40% of the judgment amount. While Volentine filed an answer to the appeal requesting an increase in the LUT-PA attorney fee award, in brief, the appel-lees omitted any argument concerning the application of the parties’ 40% contingency contract for the determination of a statutory attorney fee and made only a general, one-sentence assertion that the awarded fee was manifestly erroneous.
The court of appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires' otherwise. U.R.C.A. Rule 1-3. Nevertheless, because Volentine’s answer to the appeal *357 included some assertions concerning the 40% contingency fee contract for which the increase in the attorney fee amount was sought, in the interest of justice, we will address the issue on rehearing.-
The appellate court reviews an award of attorney fees for an abuse of discretion. Covington v. McNeese State Univ., 12-2182 (La. 5/7/13), 118 So.3d 343. The district court’s factual determinations will not be set aside absent manifest error. Covington, supra, citing Stobart v. State, Dep’t of Transp. & Dev., 617 So.2d 880 (La. 1993). It is well settled that courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. Rivet v. State, Dep’t of Transp. & Dev., 01-0961 (La. 11/28/01), 800 So.2d 777; State, DOTD v. Williamson, 597 So.2d 439 (La. 1992); City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La. 1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982). Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire into the reasonableness of attorney fees as part of their prevailing inherent authority to regulate the practice of law. Rivet,, supra. While a court may consider a contingency fee contract among other factors, it is not bound by such an agreement in determining reasonable, attorney fees. Rivet, supra; Moody v. Arabie, 498 So.2d 1081 (La. 1986). Simply put, plaintiffs’ attorney is not entitled to recover any attorney fee from plaintiffs beyond that which is determined to be reasonable by the district court.
The reasonableness of attorney fees is determined by the factors set forth in Rule 1.5(a) of the Rules of Professional Conduct, which are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Cupp Drug Store, Inc. v. Blue Cross, 50,843 (La. App. 2d Cir. 8/10/16), 201 So.3d 319, 2016 WL 4204779.
IsAs noted in our original opinion, a LUTPA violation results in an award of reasonable attorney fees under La. R.S. 51:1409(A). Cupp, supra.
In this matter, the trial court rejected Volentine’s request for a 40% contingency fee, instead awarding the sum of $391,219.40 in attorney fees. After arguing for the contingency fee amount to the trial court, Volentine supplemented his motion requesting alternatively an award for the actual hours expended by counsel throughout the course of the litigation. In support of that supplemental request, Vo-lentine submitted ’ copies of invoices from the two law firms which handled the matter from 2009-2015. From the two invoices, the trial court awarded the total amount requested by the two attorneys at the rate of $250 per hour for the senior attorneys’ work and other rates for their personnel. Volentine argues that this amount is abusively low considering the length and complexity of the litigation. Nevertheless, the trial court’s award compensated the attorneys for the amount of time they put into the case at a substantial hourly rate. We find that within the dis *358 cretion of the trial court a reasonable fee was awarded and decline to disturb the amount of the award.
In all other respects, the rehearing applications of both Volentine and Raeford are denied.