CARAWAY, J.
_JjThe defendants, Daryl Flood Relocation, Inc. (hereinafter “DFR”) and David Schuitt,[1] appeal from a trial court judgment denying a request for additional attorneys in the amount of $11,035 in connection with the preparing, filing, and prosecuting of defendants’ special motion to strike.

Facts

DFR is a Texas-based corporation that specializes in moving and storing household goods for major retail appliance stores. It operates a storage facility in Shreveport where it receives and redelivers appliances for GE and Home Depot. David Schuitt, who lives in Austin, Texas, is a regional manager for DFR. As such, he oversees all day-to-day operations.
Anthony Scott Tubbs is a former contractor for DFR. Tubbs owned and operated ASAP Recycling, a company specializing in recycling appliances. ASAP Recycling provided DFR with recycling and disposal services for roughly a year until its contract with DFR was terminated in April of 2014.
This appeal arises from out of an arrest that occurred on May 11, 2014, almost a month after Tubbs was notified that his services were no longer necessary. On Sunday, May 11, 2014, the Shreveport police responded to a suspicious activity complaint at DFR’s warehouse in Shreveport and arrested Tubbs, who was subsequently charged with misdemeanor theft. At Tubbs’ criminal trial on February 26, 2015, Schuitt was subpoenaed to testify on behalf of the state. He testified that Tubbs was not authorized to be on the property because his contract had been | ^terminated a month prior to the incident and because it was a Sunday. At the conclusion of the state’s case, the court granted a directed verdict in favor of the Tubbs. Following the acquittal, Tubbs, representing himself pro se, filed suit against Schuitt and DFR alleging defamation for intentionally or recklessly misinforming the Shreveport police.
In response to Tubbs’ petition, DFR filed a special motion to strike pursuant to La. C.C.P. art. 971. The special motion to strike was enacted by the legislature as a procedural device “to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances.” Lee v. Pennington, 02-381 (La. App. 4th Cir. 10/16/02), 830 So.2d 1037, writ denied, 02-2790 (La. 1/24/03), 836 So.2d 52. La. C.C.P. art. 971 provides that a prevailing party on a special motion to strike “shall be awarded reasonable attorney fees and costs.”
Ultimately the district court granted DFR’s motion to strike, awarding attorney fees and court costs with interest. Specifically, the judgment awarded DFR’s attorney, Tom Thompson, $14,287.50 in attorney fees for preparing the special motion to strike and rejected DFR’s request for additional attorney fees for his attorney, Lawrence E. Henke, in the amount of *849 $11,035. Henke is not a member of Thompson’s law firm and is a Texas lawyer not authorized to practice in Louisiana.
In this single-issue civil appeal, the defendants question the rejection of additional attorney fees for DFR’s Texas co-counsel.

Discussion

IsThe appellate court reviews an award of attorney fees for an abuse of discretion. Covington v. McNeese State Univ., 12-2182 (La. 5/7/13), 118 So.3d 343. The district court’s factual determinations will not be set aside absent manifest error. Covington, supra, citing Stobart v. State, Dep’t of Transp. & Dev., 617 So.2d 880 (La. 1993). It is well settled that courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. Rivet v. State, Dep’t of Transp. & Dev., 01-0961 (La. 11/28/01), 800 So.2d 777; State, DOTD v. Williamson, 597 So.2d 439 (La. 1992); City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La. 1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982). Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire into the reasonableness of attorney fees as part of their prevailing inherent authority to regulate the practice of law. Rivet, supra. While a court may consider a contingency fee contract among other factors, it is not bound by such an agreement in determining reasonable attorney fees. Rivet, supra; Moody v. Arabie, 498 So.2d 1081 (La. 1986). Simply put, plaintiffs’ attorney is not entitled to recover any attorney fee from plaintiffs beyond that which is determined to be reasonable by the district court.
The reasonableness of attorney fees is determined by the factors set forth in Rule 1.5(a) of the Rules of Professional Conduct, which are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of 14the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Cupp Drug Store, Inc. v. Blue Cross, 50,843 (La.App. 2d Cir. 8/10/16), 201 So.3d 319.
Reviewing the trial court’s attorney fee award, we find no abuse of discretion. The award was based upon the hours expended by the Louisiana attorney representing both DFR and its employee, Schuitt. These were expended over the 7-month period between the filing of the suit, and its dismissal by the special motion to strike under La. C.C.P. art. 971. Those efforts sufficiently defended the efforts of DFR and in turn its employee. The fact that Schuitt chose to obtain the services of his Texas lawyer, while considered in evidence, could be rejected by the trial court as a duplication of the defense effort by Louisiana counsel. From our review of the record and the legal services involved, the trial court’s ruling was not unreasonable and was within its discretion.
As to Schuitt’s due process claim, he was afforded any process that was due by the trial court’s allowance of the evidence of the Texas attorney’s work into evidence. Therefore, we reject the strained argument concerning this constitutional protection.

*850
Conclusion

|fiFor the foregoing reasons, the trial court’s ruling is affirmed. Costs of this appeal are assessed to appellants.
AFFIRMED.

. Schuitt often appears as "Schuett” throughout the record.