STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0879

VIRGINIA ANNE GERACE BENOIST

VERSUS

JACKSON NATIONAL LIFE INSURANCE COMPANY,
NORMA FORD GERACE, AND
MARY KATHRYN GERACE CARLETON

Judgment Rendered: **MAR 0 1 2023**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 710447

The Honorable Trudy M. White, Judge Presiding

\* \* \* \* \*

Jerry F. Pepper
Baton Rouge, Louisiana

Attorney for Plaintiff-Appellant,
Virginia Anne Gerace Benoist

Michelle Lorio St. Martin
David G. Koch
Riley F. Huntington
Baton Rouge, Louisiana

Attorneys for Defendant-Appellee,
Norma Ford Gerace

\* \* \* \* \*

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

**WOLFE, J.**

In this appeal, plaintiff-appellant, Virginia "Ginny" Anne Gerace Benoist, challenges the trial court's judgment awarding attorney fees and costs to her mother, defendant-appellee, Norma Ford Gerace. For the following reasons, we amend the judgment and affirm as amended.

## BACKGROUND

This lawsuit involves a dispute among family members; the case was previously before this court and there are other appeals pending. See **Benoist v. Jackson National Life Ins. Co.**, 2022-0292 (La. App. 1st Cir. 11/15/22), ___ So.3d ___, 2022 WL 16946498 (hereafter referred to as the "first appeal"). Of relevance to this appeal is Ginny's challenge to the acts of her sister, Mary Kathryn "Mary Kay" Gerace Carleton, as a mandatary serving under a power of attorney executed by Ginny's mother, Norma F. Gerace "Mrs. Gerace."[1]

In the first appeal on the merits, this court affirmed the trial court's November 12, 2021 dismissal of Ginny's action to review the acts of Mary Kay as her mother's mandatary, as well as the grant of Mrs. Gerace's motion for attorney fees and costs, without expressing an amount for the attorney fees and costs. While the first appeal was pending, Mrs. Gerace sought to have the trial court set the attorney fees and costs by filing a motion on April 13, 2022, along with supporting documents. Ginny filed an exception raising the objection of a lack of subject matter jurisdiction in the trial court, since the first appeal on the merits was still pending; however, Ginny did not contest the reasonableness of the amount of the requested attorney fees and costs.

On June 1, 2022, the trial court signed a separate judgment granting Mrs. Gerace's motion to set attorney fees and costs and ordered Ginny to pay her mother's attorney fees in the amount of $60,033.10 and costs in the amount of $1,510.53,

---

[1] A summary of the factual background and procedural history is recited in the first appeal on the merits and will not be repeated here.

2

reflecting 231.10 hours of legal services as of the date of the filing of Mrs. Gerace's motion. Ginny appealed the June 2022 judgment, arguing that the trial court erroneously overruled her exception of lack of subject matter jurisdiction and contending, for the first time in this court, that the trial court's award was abusively high. Mrs. Gerace answered the appeal, seeking an affirmation of the trial court's award, an additional award for Ginny's alleged frivolous appeal, and an award for attorney fees and costs associated with answering this appeal. After the parties filed their respective briefs in this appeal, the first appeal on the merits was decided by this court on November 15, 2022. In that decision, this court specifically found that the "trial court did not abuse its much discretion in granting Mrs. Gerace's request for attorney fees where it determined that Ginny was not entitled to relief." **Benoist**, ___ So.3d at ___, 2022 WL 16946498 at *8.

## DISCUSSION

This court's decision that the trial court did not abuse its discretion in granting Mrs. Gerace's motion for attorney fees and costs without expressing an amount in the November 15, 2021 judgment on the merits, is the law of the case. Where there is one lawsuit with multiple judgments of the trial and appellate courts within the same suit, the law of the case doctrine applies. **Reed v. Louisiana Horticulture Commission**, 2021-0657 (La. App. 1st Cir. 12/22/21), 341 So.3d 66, 70, writ denied, 2022-00284 (La. 4/12/22), 336 So.3d 89. That doctrine embodies the principle that an appellate court generally does not revisit its own rulings of law on a subsequent appeal in the same case. **Id.**

In the first appeal, Ginny maintained that her action to review the activities of her sister as mandatary for her mother was not frivolous and, therefore, the trial court erred in granting her mother's request for attorney fees. In this appeal, Ginny argues that the trial court lacked subject matter jurisdiction to set the amount of attorney fees and costs while the previous appeal was pending. We disagree. In La. Code

3

Civ. P. art. 2088(A)(10), as amended by 2021 La. Acts No. 259, § 2 (effective August 1, 2021), we find a clear and unambiguous expression of law that "the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to ... [s]et and tax costs, expert witness fees, and attorney fees." See also Comments 2021 of Article 2088, comment (a) "the trial court retains jurisdiction for purposes of setting attorney fees after an appeal has been taken from the initial judgment. ... [I]t is no longer necessary for an appellate court to dismiss an appeal in order to allow the trial court to set the amount of the attorney fees, because the trial court has jurisdiction to set attorney fees while the appeal is pending." Therefore, the judgment awarding attorney fees and costs in an indefinite amount did not divest the trial court of jurisdiction to determine, after a hearing and consideration of evidence, the actual amount to be awarded as attorney fees and costs. See also **Price v. City of Ponchatoula Police Dept.**, 2012-0727 (La. App. 1st Cir. 12/21/12), 111 So.3d 1053, 1055. Accordingly, the trial court did not err in denying Ginny's exception of lack of subject matter jurisdiction.

Ginny also argues that the trial court abused its discretion in awarding far in excess of the actual attorney fees incurred by her mother for this lawsuit. Initially, we note that the attorney fees and costs have statutory authority in La. R.S. 9:3855 ("The court may render judgment for costs and attorney fees, or any part thereof, against any party" in an action to review the acts of a mandatary.). When provided for by statute, the award of attorney fees rests within the discretion of the fact finder. **Cupp Drug Store, Inc. v. Blue Cross and Blue Shield of Louisiana**, 50,843 (La. App. 2d Cir. 8/10/16), 201 So.3d 319, 322. Generally, each case is considered in light of its own facts and circumstances; however, the amount awarded must be reasonable. **Id.** Before an attorney fee award will be disturbed on appeal, the record must reveal that the trial court abused its discretion in making the award. **Id.** See also **Regions Bank v. Automax USA, L.L.C.**, 2002-1755 (La. App. 1st Cir.

4

6/27/03), 858 So.2d 593, 595-596, writ denied, 2003-2131 (La. 11/7/03), 857 So.2d 503.

The reasonableness of attorney fees is determined by the factors set forth in Rule 1.5(a) of the Rules of Professional Conduct, which are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. An analysis of the factors pertinent to a determination of reasonableness is extremely fact intensive. At issue ultimately is the reasonable value of the services rendered and value received by the client. **Regions Bank**, 858 So.2d at 596.

In support of her motion to set attorney fees and costs, Mrs. Gerace attached a copy of the November 12, 2021 judgment ordering Ginny to pay Mrs. Gerace "all of her actual attorney fees and costs in this litigation[,]" along with a copy of the engagement letter for legal services setting forth the hourly rates of Mrs. Gerace's counsel and staff, copies of the detailed invoices for attorney fees and costs generated in the lawsuit, an affidavit by the lead attorney for Mrs. Gerace's defense outlining the skill and experience of the lawyers involved in the case, and copies of letters between counsel on both sides seeking resolution of the lawsuit. At the May 16, 2022 hearing on the motion, Ginny's attorney acknowledged that they had not filed an opposition to Mrs. Gerace's motion to set attorney fees and costs, but instead filed and argued an exception of lack of subject matter jurisdiction. Thus, there is

5

nothing in the record to contradict or challenge Mrs. Gerace's evidence. Considering there was no opposition to the specific amounts requested and supported by Mrs. Gerace, the trial court awarded the full amount of attorney fees and costs evidenced by the invoices through the filing of the motion to set the fees and costs.

As noted previously, factors to be considered in making an award of attorney fees include the degree of professional skill and ability exercised, and the time devoted to the case. The underlying merits of the case involved complex facts, legal issues, and a prior appeal concerning invasive and embarrassing court scrutiny of a bitter family dispute over Mrs. Gerace's ability to manage her affairs and understand the function of the power of attorney that she gave to Ginny's sister, Mary Kay. We conclude that the trial court did not abuse its great discretion in its award of attorney fees and costs to Mrs. Gerace. The record reasonably supports the undisputed experience, time, and labor expended by Mrs. Gerace's counsel and staff under the circumstances of this particular case involving multiple appeals.

## ANSWER TO APPEAL

Mrs. Gerace filed an answer to this appeal, requesting that we award damages for frivolous appeal as authorized by La. Code Civ. P. art. 2164. Under Article 2164, appeals are favored, and we will not award damages unless they are clearly due. **Whitney Bank v. Rayford**, 2021-0407 (La. App. 1st Cir. 4/5/22), 341 So.3d 741, 746. Damages for frivolous appeal are only allowed when it is obvious that the appeal was taken solely for delay, or that counsel is not sincere in the view of the law he advocates. **Id**. The slightest justification for an appeal precludes damages for frivolous appeal. **Id**. Considering counsel for Ginny advanced the argument that the trial court's lack of subject matter jurisdiction to award attorney fees and costs while the first appeal on the merits was pending and was decided after the hearing on Mrs. Gerace's motion to set fees and costs, we decline to assess damages for

6

frivolous appeal. We find that Ginny's counsel sincerely viewed the law as advocated, even though the current law was not in Ginny's favor.

However, it is within an appellate court's discretion to award or increase attorney fees for the expense of the appeal. **Cupp Drug Store, Inc.**, 201 So.3d at 325 n.3. The undisputed supplemental evidence submitted by Mrs. Gerace and accepted at the hearing on the motion to set attorney fees and costs reveals that an additional amount of attorney fees in the amount of $9,185.00 and $614.47 for costs were incurred through the date of the May 16, 2022 hearing. Thus, we find that the record reasonably supports an additional $15,000.00 for attorney fees and costs, consisting of $9,799.47 for attorney fees and costs through the date of the hearing and $5,200.53 for this appeal.

## DECREE

For the outlined reasons, the trial court's June 1, 2022 judgment, which awarded a total of $61,543.63 for attorney fees and costs to Norma Ford Gerace, to be paid by Virginia "Ginny" Anne Gerace Benoist, is affirmed as amended with an additional $15,000.00 award for attorney fees and costs through the conclusion of this appeal. All costs of this appeal are assessed to plaintiff-appellant, Virginia "Ginny" Anne Gerace Benoist.

**AMENDED; AFFIRMED AS AMENDED.**